440 F.Supp. 1226 (1977)
Waldine MIKEL, Individually and as next friend of Bret Mikel, Julie Mikel, Jeffrey Mikel, Alesia Mikel and Tamara Mikel, Elizabeth Smith, Individually and as next friend for Lee Smith, Velam Malone, Individually and as next friend of Barbara Malone, De Andre Smith, William Muich, and all others similarly situated, Plaintiffs,
v.
Phyllis RESER, Individually and as Director of Missouri Division of Family Services, Paul Nelson, Individually and as Director of St. Louis City Offices of Missouri Division of Family Services, Virginia Allen, Individually and as Director of the St. Louis County Office of Missouri Division of Family Services, Defendants.
No. 76-881C(3).
United States District Court, E. D. Missouri, E. D.
November 30, 1977.
*1227 Stuart R. Berkowitz, Shirley E. Allen, The Legal Aid Society, St. Louis, Mo., for plaintiffs.
Tom Fulkerson and Robert R. Northcutt, Legal Section, Div. of Family Services, Jefferson City, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
Plaintiffs brought this suit pursuant to 28 U.S.C. §§ 1343 and 1331 seeking injunctive and declaratory relief. Plaintiffs, applicants for Aid to Families with Dependent Children and Medicaid or Medical Assistance benefits, contend that defendants have failed to comply with the requirements that claimants receive prompt, definitive and final administrative action within 90 days of the request for a hearing. On May 12, 1977, this Court certified a class herein pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure. The class consists of all applicants for AFDC and Medicaid benefits who have applied or will apply for AFDC and/or Medicaid benefits who have been denied or will be denied these benefits, who have requested or will request hearings, and who have not received or will not receive prompt definitive and final administrative action within 90 days from the date of the request for the hearing.
This cause was tried to the Court without a jury. The case was presented by means of a stipulation of facts. Based upon the record herein, the Court makes the following findings of fact and conclusions of law:

FINDINGS OF FACT
1. Plaintiffs are citizens of the United States and residents of the state of Missouri. Defendant Ewing B. Gourley is Director of the Division of Family Services of the Department of Social Services for the state of Missouri and is responsible for the general administration of all public assistance activities for the state of Missouri. Defendant Paul Nelson is the Director of the St. Louis City Offices of the Missouri Division of Family Services, having responsibility for the administration of the AFDC and Medicaid programs in St. Louis City. Defendant Virginia Allen is the Director of the St. Louis County Office of the Missouri Division of Family Services.
2. The state of Missouri participates in a jointly funded federal-state AFDC program. 42 U.S.C. § 601 et seq.; § 208.040, R.S.Mo. (1973). The AFDC program provides funds to the state for the provision of financial assistance to families in which children have, for various reasons, been deprived of the support of a parent or parents. The state of Missouri also participates in a jointly funded federal-state Medical Assistance program. 42 U.S.C. § 1396a et seq.; § 208.151, R.S.Mo. (1973). The Medical Assistance program provides reimbursement for medical services rendered to *1228 needy individuals who are not receiving public assistance or to persons who are needy and disabled, aged or blind.
3. The Missouri Division of Family Services, pursuant to federal and state laws and regulations, operates an administrative appeal process for claimants who disagree with state agency decisions regarding their AFDC and Medicaid cases. The appeals process is commenced by an oral or written request for a fair hearing by the claimant or his or her representative. A hearing is then scheduled and held before an impartial hearing officer or referee who makes a recommendation to the Director of the Division of Family Services who then makes a decision. The decision is put in written form, signed, dated and forwarded to the county office, the claimant and his or her representative.
4. On December 29, 1975, plaintiff Waldine Mikel made an application for AFDC and Medicaid benefits, at an office of the Missouri Division of Family Services in St. Louis County, for herself and her six children. On March 15, 1976, the application was denied. On March 24, 1976, a hearing was requested and on April 13, 1976 a hearing was held. The hearing was left open for further medical information and a reevaluation of the father's disability. A determination was made on August 10, 1976, presumably by the hearing officer, that the father was unemployable. On November 15, 1976, defendant Gourley issued a decision in which he stated that "the action of the County to reject the Aid to Dependent Children application due to the employability of the father in the home is reversed". Accordingly, defendant Gourley ordered the County
. . . to take a reapplication retroactive to the date of the original application and if the claimant is eligible on all other points of eligibility retroactive benefits will be granted per Manual instructions.
A new application was taken on February 14, 1977, together with an application for Aid to Dependent Children-Unemployed Fathers by Robert Mikel. Mr. Mikel's application for AFDC-UF was approved. Plaintiff's application was rejected because the same household may not receive both AFDC and AFDC-UF. Mr. Mikel has received retroactive benefits back to the date of plaintiff's original application dated December 29, 1975 in the amount of $1,918.00 by check dated March 4, 1977. The Mikel family will continue to receive AFDC-UF and Medicaid benefits until found ineligible and so notified pursuant to 45 C.F.R. § 205.10 et seq.
5. Plaintiff Elizabeth Smith applied for AFDC and Medicaid benefits on January 15, 1976 for herself and her two children. On January 29, 1976, these benefits were denied by the Missouri Division of Family Services in St. Louis County. On March 5, 1976, a hearing was requested and on April 2, 1976 a hearing was held. On February 27, 1976, plaintiff Smith again made an application for AFDC and Medicaid benefits. This was denied on April 27, 1976 on the same basis that her January 15, 1976 application had been denied. On July 9, 1976, defendant Gourley issued a decision reversing the rejection of the application and further stating "[i]f the Claimant is eligible on all other points of eligibility, and using the consolidated standard, the Claimant will be approved for Aid to Dependent Children benefits retroactive to the date of application". On September 1, 1976, plaintiff again reapplied for AFDC and Medicaid benefits. This application was rejected on September 28, 1976 for "failure to cooperate" in providing her new address. On October 4, 1976, plaintiff Smith reapplied for AFDC and Medicaid benefits and was approved for retroactive benefits on October 12, 1976. Plaintiff Smith was approved for benefits of $100.00 per month on October 12, 1976 and is presently receiving benefits.
6. Plaintiff Malone made application for AFDC and Medicaid benefits for herself and her two minor children on November 25, 1975 at the Missouri Division of Family Services Office located at 4236 Lindell Boulevard in the City of St. Louis. On January 21, 1976, she was sent a letter informing her that she was ineligible for the benefits due to excessive income. In late January, 1976, *1229 plaintiff Malone requested a fair hearing which was held on March 1, 1976. On April 29, 1976, defendant Gourley issued his opinion reversing the agency decision and instructing the agency "to take an Aid to Dependent Children application, back date, and approve same if otherwise eligible". On May 4, 1976, plaintiff Malone made an application for benefits and this application was denied on May 18, 1976 on the same grounds for the denial of the November 25, 1975 application. On June 4, 1976, plaintiff made another application for benefits; this application was withdrawn on June 23, 1976. On August 4, 1976, plaintiff reapplied for benefits and this application was approved on August 24, 1976. Plaintiff Malone received a retroactive benefit of $945.00 in September 1976 for the months of November, 1975 through May, 1976. Plaintiff Malone is currently not receiving monthly benefits.
7. Plaintiff Muich is a retiree who applied for Medicaid at the St. Louis County Office of the Division of Family Services on October 28, 1975. This application was rejected on December 29, 1975 because he was not disabled severely enough. On January 2, 1976 a hearing was requested. The hearing was held on February 24, 1976. With the agreement of plaintiff and his counsel, the hearing was left open until March 8, 1976 for the receipt of new evidence. On April 6, 1976, defendant Gourley issued a decision reversing the agency decision to reject the application and further stating that "[i]f the claimant is eligible on all other points of eligibility, he will be eligible for retroactive benefits to the beginning of the month in which he made application". Plaintiff Muich's application was again taken, and back dated to October 28, 1975. This application was rejected on July 8, 1976 because plaintiff Muich's total property exceeded the $10,500.00 statutory limitation. A hearing was requested on July 9, 1976 and the same was held on August 30, 1976. Defendant Gourley rendered a decision on October 8, 1976 denying plaintiff Muich benefits because of the value of the property.
8. From the Semi-annual Statistical Report on Hearings for the period ending June, 1976, which defendants have submitted to the Department of Health, Education and Welfare, it appears that out of 1,036 hearings held, the time which elapsed between the request and notification of the hearing decision was three months or more in 476 cases, or 45.9% of the cases. In July, 1976, 42.4% of the decisions returned to the hearing officer exceeded 90 days of receipt by the hearing officer. In August, 1976, the percentage was 41.2%; in September, 1976, the percentage was 35.8%; in October, 1976, the percentage was 17.5%. These figures simply reflect the time required to render the decision; they do not reflect any information on the time necessary to implement the decision rendered. Defendants do not maintain statistics on the latter information.
9. Following the submission of this case to the Court, defendant moved to reopen proceedings for receipt of additional evidence. This evidence related to statistical information concerning the percentage of decisions rendered within 90 days of receipt from the hearing officer. Plaintiffs have objected to the same on the basis that they have not had access to the underlying data. The evidence indicates that an ever-increasing percentage of decisions are being rendered within the 90-day period. The additional evidence, however, does not supply any information concerning implementation of the hearing decisions.
10. Although not the subject of stipulations, defendants state in their brief that there is
. . . the practice of a caseworker's termination of a client's interview as soon as a condition of ineligibility is found. Admittedly this practice does sometimes cause a case to be remanded from the hearing officer to the caseworker for further attention.

CONCLUSIONS OF LAW
This Court has jurisdiction over the subject matter and the parties to this action in accordance with 28 U.S.C. § 1343. Guerrero v. Schmidt, 352 F.Supp. 789 (W.D. Wis.1973).
Title 45 C.F.R. § 205.10(a)(16) provides:

*1230 Prompt, definitive and final administrative action shall be taken within 90 days from the date of the request for a hearing.
In Nelson v. Sugarman, 361 F.Supp. 1132 (S.D.N.Y.1972), the court held that this regulation was within the rulemaking authority of the Department of Health, Education and Welfare and was consistent with the Social Security Act. The court additionally held that this regulation required "actual compliance by the state and city departments with fair hearing decisions within 60 days [now 90 days] of the date of the request for such a hearing". The court noted that HEW has taken the position that "final administrative action" as used in 205.10(a)(16) "refer[s] to the mailing of the check or increased check, or notification of denial of assistance or increased assistance as the case may be". The purpose of the regulation is to insure that an eligible applicant receive his benefits promptly.
The 60-day [now 90 day] rule is precisely designed to minimize the period of delay, and as HEW points out, an interpretation of that rule which only requires a hearing decision within 60 [now 90] days would leave its "implementation open to bureaucratic delays of uncertain duration". Nelson, supra at 1137, fn. 9.
The parties herein dispute the actual number of days involved in the delays. Defendant concedes, however, that in the case of plaintiff Mikel it took 125 days to issue the decision, excluding the delay to obtain more medical information, and it took 110 days to make payment after the decision was rendered. With reference to plaintiff Malone, defendant concedes that "the time period from her request for a fair hearing and a payment of her benefits was 191 days plus a couple of more". Defendants' Brief on the Merits. In the case of plaintiff Muich, the delay between the request for a hearing and the second decision was 266 days according to defendants' computation. Thus it is clear that defendants have not complied with § 205.10(a)(16) as interpreted by HEW and the court in Nelson, supra.
Defendants argue, however, that injunctive relief is not appropriate, contending that "there is no showing in the instant case of a cognizable danger of recurrent violation . . .. The agreed upon facts prove that Missouri is now in substantial compliance with 45 C.F.R. § 205.10(a)(16) and is rapidly moving toward full compliance". Defendants' Brief on the Merits. That is not, however, what the evidence shows. The statistical evidence adduced establishes that defendants are making improvements in rendering decisions within 90 days. The statistical evidence, however, is silent as to the implementation period following the rendering of the decisions. The only evidence on this point, the experiences of the named plaintiffs herein, indicates that defendants are not acting upon the final decision within the 90-day period. As Nelson, supra, holds, such action is required under § 205.10(a)(16). Moreover, defendants' policy of terminating the caseworker's interview as soon as a condition of ineligibility is found almost guarantees lengthy delays if a favorable hearing decision is rendered.
Under these circumstances the Court concludes that both declaratory and injunctive relief is warranted. Accordingly, judgment will be entered in plaintiffs' favor.