951 F.2d 166
 Medicare & Medicaid Guide P 39,775
Waldine MIKEL, Individually and as next friend for Bret
Mikel, Julie Mikel, Jeffrey Mikel, Alesia Mikel and Tamara
Mikel, Elizabeth Smith, Individually and as next friend for
Lee Smith, Velma Malone, Individually and as next friend of
Barbara Malone, De Andre Smith, William Muich, and all
others similarly situated, Appellees,
v.
Ewing GOURLEY, Individually and as Director of Missouri
Division of Family Services, Paul Nelson, Individually and
as Director, St. Louis City Office of Missouri Division of
Family Services, Virginia Allen, Individually and as
Director of the St. Louis County Office of Missouri Division
of Family Services, Appellants.
 No. 90-2052.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 11, 1991.
Decided Dec. 10, 1991.
 
 William E. Cornwell, Jefferson City, Mo., argued, for appellants.
 Joel D. Ferber, St. Louis, Mo., argued (Ann B. Lever, on the brief), for appellees.
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Ewing Gourley, Director of Missouri Division of Family Services (DFS), and the directors of two local DFS offices (appellants) appeal from orders entered in the District Court[1] for the Eastern District of Missouri (1) clarifying a 1977 permanent injunction[2] by explaining what constitutes "claimant delay"[3] and (2) denying appellants' motion to amend or alter the clarification.[4] For reversal, appellants argue that (1) the district court's order is a modification, not a clarification, and thus this court has jurisdiction, (2) the district court erred in finding appellees met the standards for a modification of a permanent injunction, and (3) the district court erred in determining what constitutes client delay. For the reasons discussed below, we hold that we lack jurisdiction to hear this appeal and accordingly dismiss the appeal without reaching the merits of appellants' arguments.
 
 FACTS
 
 2
 Waldine Mikel and others similarly situated (appellees) originally filed this lawsuit in 1976 challenging the failure of DFS to comply with federally-mandated time limits for implementing hearing decisions in Aid for Families with Dependant Children (AFDC) and Medicaid cases. Mikel v. Reser, 440 F.Supp. 1226 (E.D.Mo.1977). Appellees claimed that Missouri was not providing "[p]rompt, definitive, and final administrative action" within 90 days as required in 45 C.F.R. § 205.10(a)(16) (1990). The district court ordered the state to provide final administrative action within 90 days from the date on which a hearing was requested "except in those cases in which the claimant has requested a delay or has failed to appear for a scheduled fair hearing." Mikel v. Gourley, No. 76-881C(3), slip op. at 1-2 (E.D.Mo. Nov. 30, 1977) (permanent injunction) (Gourley ). This injunction also required the filing of reports and this reporting system was later modified by joint stipulation in 1986. Id. at 2-3 (Sept. 29, 1986) (order revising reporting system).
 
 
 3
 In 1984, DFS began to adjudicate appeals through telephone hearings unless the claimant requested a face-to-face hearing. This change resulted from amendments to AFDC regulations that permitted states to provide telephone hearings if the claimant agrees. 45 C.F.R. § 205.10(a)(2) (1990). These amendments only apply to AFDC regulations because in 1979 Medicaid regulations were transferred to 42 C.F.R. § 431.10 et seq. (1990),[5] but DFS used telephone hearings for both AFDC and Medicaid. In certain geographical areas, DFS would send a notice to claimants informing them of when their telephone hearing had been scheduled and informing them of their right to a face-to-face hearing. If a claimant requested a face-to-face hearing, DFS classified this request as claimant delay, allowing DFS to extend their time limits beyond the 90 days required by the district court's injunction and the applicable federal regulations. Additionally, the reports filed by DFS showed that in some cases the delays went well beyond the length of continuance requested by claimants. Based on these two findings, appellees filed a motion on March 14, 1990, to revise the reporting system. Appellees alleged that (1) a request for a face-to-face hearing should not be considered claimant delay and (2) the 90-day time period can only be extended by the amount of claimant delay and no longer. The district court found in favor of appellees on both issues and clarified its 1977 injunction as follows:
 
 
 4
 A claimant's request for a face-to-face hearing is not to be construed as a claimant-requested delay within the meaning of the permanent injunction.
 
 
 5
 Where there is a claimant-requested delay, the ninety-day limit imposed by [45 C.F.R. § 205.10(a)(16) ] and the permanent injunction is not be considered suspended; rather the ninety-day limit is to be extended by the number of days of the claimant-requested delay.
 
 
 6
 Gourley, slip op. at 1 (May 15, 1990). The district court denied appellants' motion to amend or alter the judgment. Appellants then appealed to this court.[6]
 
 JURISDICTION
 
 7
 In order for this court to have jurisdiction, the district court order must modify, rather than clarify, the existing injunction. A mere clarification of an injunction is not a final appealable order. Sperry Corp. v. City of Minneapolis, 680 F.2d 1234, 1236 (8th Cir.1982); Motorola, Inc. v. Computer Displays Int'l, Inc., 739 F.2d 1149, 1155 (7th Cir.1984) (Motorola ). This court only has "jurisdiction to review an order 'granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions' under 28 U.S.C. § 1292(a)(1)." Gon v. First State Ins. Co., 871 F.2d 863, 865 (9th Cir.1989) (Gon ); see 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3924 (Supp.1991).
 
 
 8
 In determining whether the district court's order is a modification or a clarification, appellants correctly explain that this court is not bound by the district court's determination that its actions were merely a clarification, and we must determine the actual effect of the district court's order. Motorola, 739 F.2d at 1155; see Buckhanon v. Percy, 708 F.2d 1209, 1212 (7th Cir.1983), cert. denied, 465 U.S. 1025, 104 S.Ct. 1281, 79 L.Ed.2d 684 (1984). The distinction between modification and clarification is that a clarification "does not change the parties' original relationship, but merely restates that relationship in new terms." Motorola, 739 F.2d at 1155. A modification, by contrast, "alters the legal relationship between the parties," id., or "substantially change[s] the terms and force of the injunction." Gon, 871 F.2d at 866; see Movie Sys., Inc. v. MAD Minneapolis Audio Distrib., 717 F.2d 427, 429-30 (8th Cir.1983).
 
 
 9
 Appellants argue that because of substantive changes since the 1977 injunction was issued, the district court's order was a modification. Appellants point to the fact that in 1977 telephone hearings were not authorized, but were added in 45 C.F.R. § 205.10(a)(2) (1990). Additionally, the relocation of the Medicaid regulations to 42 C.F.R. § 431.10 et seq. (1990) occurred after the 1977 permanent injunction. As a result of these substantive changes, according to appellants, the district court's order did substantially change the relationship of the parties.
 
 
 10
 We disagree. The district court's order merely clarified what the permanent injunction meant by "claimant delay" in light of the current availability of telephone hearings. The district court did not change the legal relationship between the parties because appellants are still required to issue final administrative decisions within 90 days unless claimant delay exists. No new or additional obligations or burdens were placed on appellants which would substantially change the terms or force of the injunction. By simply interpreting the meaning of its permanent injunction, the district court merely restated the parties' relationship in new terms, and thus clarified its original injunction. We lack jurisdiction to review an order clarifying an injunction.
 
 
 11
 Accordingly, this appeal is dismissed for lack of jurisdiction.
 
 
 
 [1]
 The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Mikel v. Reser, 440 F.Supp. 1226 (E.D.Mo.1977)
 
 
 [3]
 Mikel v. Gourley, No. 76-881C(1) (E.D.Mo. May 15, 1990) (order clarifying permanent injunction)
 
 
 [4]
 Id. (June 7, 1990) (order denying defendants' motion to amend or alter judgment)
 
 
 [5]
 The Medicaid regulations still contain the 90-day time limit in 42 C.F.R. § 431.244(f) (1990), which is identical to 45 C.F.R. § 205.10(a)(16) (1990) for AFDC cases
 
 
 [6]
 It appears that appellants only appeal the first issue as to whether a request for a face-to-face hearing constitutes claimant delay, because appellants discuss only this issue in their brief. In either case, because we hold that we lack jurisdiction, we do not reach the merits of either issue