**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 94-30485

---

IN RE:  IN THE MATTER OF THE COMPLAINT OF INGRAM TOWING COMPANY
AND INGRAM BARGE COMPANY, AS OWNER AND OWNER PRO HAC VICE
RESPECTIVELY, OF THE M/V DAVE BRASELL AND THE IB-2629,
PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY:

INGRAM TOWING COMPANY, as owner and owner pro hac vice,
respectively of the M/V Dave Brasell and the IB-2629, and INGRAM
BARGE COMPANY, as owner and owner pro hac vice, respectively, of
the M/V Dave Brasell and the IB-2629,

Appellees,

VERSUS

ADNAC INC., ET AL., the owner and/or operator of the Destrehan
Elevator in Destrehan, LA,

Claimants,

ROSE WASHINGTON, ET AL.,

Claimants-Appellants

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

(July 13, 1995)

Before SMITH, WIENER, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

This is an interlocutory appeal from the district court's
order interpreting and enforcing its previous injunction.  Finding
that we do not have appellate jurisdiction to hear this
interlocutory appeal, we DISMISS the appeal.

## BACKGROUND

This case concerns an allision between the M/V DAVE BRASELL and its tow with the Sunshine Bridge near Donaldsonville, Louisiana on April 9, 1993. The allision caused the spill of fuel oil into the Mississippi River. The M/V DAVE BRASELL and its tow were owned and operated by Ingram Towing Company and Ingram Barge Company (collectively "Ingram").

Several months after the allision, Ingram began receiving notices from individuals alleging they had upset stomachs, diarrhea and similar symptoms due to drinking and breathing the spilled fuel oil. In September 1993, Ingram was served with a petition, purported to be a class action, brought on behalf of Rose Washington and all others similarly situated ("Rose Washington Claimants"), alleging injuries from the spilled fuel oil.

In October 1993, Ingram filed an action seeking exoneration from or limitation of liability pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure and 46 U.S.C. §§ 181-189. The District Court then entered a restraining order ("October 1993 Order") prohibiting "the commencement and/or further prosecution of any action or proceeding against the petitioners and/or their underwriters . . . arising out of or connected in any way with" the allision.

In January 1994, the federal district court remanded to state court that part of the original class action that concerned claims against defendants other than Ingram and allowed those claims to

2

proceed ("January 1994 Order").

In March 1994, the Rose Washington Claimants amended their state court suit and added Tennessee Insurance Company ("TIC"), Ingram's insurer, as a defendant. The Rose Washington Claimants sued TIC for, inter alia, breach of its duty of good faith and fair dealing due to its categorical denial of all personal injury claims relating to the fuel oil spill.

In May 1994, Ingram sought to enforce the stay in the District Court and stop the proceedings against TIC. In its August 1994 order ("August 1994 Order"), the district court said that its October 1993 Order prohibited suits against TIC. The district court also found that the January 1994 Order did not allow suits against TIC, but rather, only against certain local officials. Therefore, the district court held that its October order was still in effect and that it prohibited suits by the Rose Washington Claimants against TIC. The district court stayed the state proceedings against TIC.

The Rose Washington Claimants filed a timely interlocutory appeal of this order.

**JURISDICTION**

Congress vests the courts of appeals with jurisdiction over appeals from "all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. "[A]n order is final only when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" United States v. Garner,

3

749 F.2d 281, 285 (5th Cir. 1985) (quoting <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 373 (1981)). "The purpose behind [the final judgment rule] is to avoid piecemeal appeals, which in turn conserves 'judicial energy' and may help eliminate delay." <u>Sherri A.D. v. Kirby</u>, 975 F.2d 193, 201 (5th Cir. 1992); <u>see</u> <u>Flanagan v. United States</u>, 104 S.Ct. 1051, 1054 (1984); <u>Firestone</u>, 449 U.S. at 374. The Rose Washington Claimants' appeal is not from a final judgment and is, therefore, interlocutory.

Interlocutory appellate jurisdiction is the exception rather than the rule. <u>Garner</u>, 749 F.2d at 285. Congress has given the courts of appeals jurisdiction over interlocutory appeals only in certain, limited circumstances. <u>Dardar v. Lafourche Realty Co., Inc.</u>, 849 F.2d 955, 957 (5th Cir. 1988). The Rose Washington Claimants raise two exceptions to the general limitation on appellate jurisdiction over interlocutory appeals; the exceptions are found at 28 U.S.C. § 1292(a)(1) and (3)[1]. These exceptions allow interlocutory appeals from certain injunctions and admiralty claims. Because this appeal fits neither of the exceptions we find that this Court lacks jurisdiction to hear the appeal.

_____

[1]The statute reads, in relevant part:
(a) [T]he courts of appeals shall have jurisdiction of appeals from:
(1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ;
. . . .
(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.
28 U.S.C. § 1292 (a)(1) & (3).

4

Interlocutory appeals are not favored and the statutes allowing them must be strictly construed. <u>Sierra Club v. Marsh</u>, 907 F.2d 210, 214 (1st Cir. 1990); <u>see</u> <u>E.E.O.C. v. Kerrville Bus Co., Inc.</u>, 925 F.2d 129, 139 (5th Cir. 1991). "We must 'approach this statute somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders.'" <u>Switzerland Cheese Ass'n., Inc. v. E. Hornes Market, Inc.</u>, 385 U.S. 23, 24 (1966).

<u>Section 1292(a)(1)--Injunctions</u>

Section 1292(a)(1) allows interlocutory appeals when a court grants, continues, modifies, refuses or dissolves an injunction, or when it refuses to modify or dissolve an injunction. However, interlocutory appeals are not allowed when a court merely <u>enforces or interprets</u> a previous injunction[2]. <u>Mikel v. Gourley</u>, 951 F.2d 166, 168 (8th Cir. 1991) ("A mere clarification of an injunction is not an appealable order); <u>Motorola, Inc. v. Computer Displays Intern.</u>, 739 F.2d 1149, 1155 (7th Cir. 1984) ("Orders that merely interpret or clarify an injunction are not appealable under § 1292(a)(1)."); <u>Major v. Orthopedic Equipment Co.</u>, 561 F.2d 1112, 1115 (4th Cir. 1975) ("[The order] is simply an interpretation, not appealable under 28 U.S.C. § 1292(a)(1)."); <u>Int'l Assoc. of Mach. & Aerospace Workers v. Eastern Airlines, Inc.</u>, 849 F.2d 1481, 1485

---

[2]The cases that the Rose Washington Claimants cite are all inapposite, in that they concern the issue of whether an order that continues or modifies an injunction is interlocutorily appealable. The cases <u>do not</u> concern whether <u>this</u> order continued or modified an injunction, <u>nor</u> do they concern whether an order interpreting an injunction should be treated as continuing or modifying an injunction.

(D.C. Cir. 1988) (distinguishing between orders that are "mere interpretation[s]" and orders that modify injunctions). 9 MOORE'S FEDERAL PRACTICE § 110.20[2] n.3 (1995).

The district court's August 1994 Order did not grant, continue, modify, refuse or dissolve an injunction[3]. Instead, the district court merely explained that the Rose Washington Claimants had misinterpreted the January 1994 Order. The district court made clear that the October 1993 Order was still in effect and suits against Ingram's insurers were still enjoined[4].

Because the order does not fall under § 1292(a)(1), we do not have jurisdiction under that exception to hear an interlocutory appeal from the order. We will now consider whether we have jurisdiction under § 1292(a)(3).

### Section 1292(a)(3)--Admiralty

---

[3]Both the October 1993 Order and the January 1994 Order were interlocutorily appealable, as they granted and modified injunctions. However, under Federal Rule of Appellate Procedure 4(a), the Rose Washington Claimants had thirty days from the date of the order in which to appeal. They did not file their notice of appeal until August 25, 1994. Therefore, appeals from the October 1993 Order and the January 1994 Order would be untimely. Of course, the appeal from the August 1994 Order is timely.

[4]The August 1994 order, from which the Rose Washington Claimants appeal, reads in relevant part:
> The Rose Washington [Claimants] further allege that the January 10, 1994 order of this court which stated,"[W]hen remanded, the state court action will be stayed as to Ingram Barge Company and the vessel regarding claims subject to limitation but may proceed against the other defendants[,]" allows them to proceed against a new defendant, TIC. The [Rose Washington Claimants] have misinterpreted the order. The "other defendants" were the St. James Parish officials already parties to the state claim and not subject to the limitation proceeding. As stated above, the claim against TIC is "subject to limitation."

Emphasis in original.

6

Section 1292(a)(3) allows interlocutory appeals from orders in admiralty cases which "determin[e] the rights and liabilities of the parties."  This section

> was designed to apply in circumstances distinctive to admiralty where it is not uncommon for a court to enter an order finally determining the issues of liability between the parties and then to refer the case to a master for a determination of damages.  Courts have tended to construe this provision rather narrowly and it has not been read to permit interlocutory appeals in admiralty except where the order, regardless of the label affixed to it had the effect of determining the rights and obligations of the parties.

Treasure Salvors v. Unidentified Wrecked and Abandoned Sailing Vessel, 640 F.2d 560, 564 (1981).  See Hollywood Marine, Inc. v. M/V ARTIE JAMES, 755 F.2d 414, 416 (5th Cir. 1985); Francis v. Forest Oil Corp., 798 F.2d 147, 149 (5th Cir. 1986).

"Orders which do not determine parties' substantive rights or liabilities, however, are not appealable under section 1292(a)(3) even if those orders have important procedural consequences." Francis, 798 F.2d at 150; 9 MOORE'S FEDERAL PRACTICE § 110.19[3] n.27.

The August 1994 Order did not determine the rights and liabilities of the parties.  The order only stayed the state court suit against TIC until the federal limitation of liability proceeding was finished.  The district court did not determine that TIC was not liable to the Rose Washington Claimants, nor did it determine the claimants could never sue TIC.  All the district

7

court did was determine when the claimants could sue TIC. The district court did not determine the rights and liabilities of the parties, it "merely settled how and where the rights and liabilities would be determined." State Establishment v. M/V WESERMUNDE, 770 F.2d 987, 990 (11th Cir. 1985).

Because the August 1994 Order did not determine the rights and liabilities of the parties, it is not appealable under the admiralty interlocutory appeal exception. 28 U.S.C. § 1292(a)(3).

## CONCLUSION

The Rose Washington Claimants' appeal from the August 1994 Order is interlocutory. This Court generally only has appellate jurisdiction over appeals from final orders and thus interlocutory appeals must fall under one of the exceptions to the final judgment rule. The Rose Washington Claimants allege that we have appellate jurisdiction under two exceptions, 28 U.S.C. § 1292(a)(1) and (3). However, for the above stated reasons, we determine that their appeal does not fall under either of these exceptions and, therefore, their appeal is DISMISSED for lack of appellate jurisdiction.