**Revised November 13, 1998**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 97-31224
_____

In Re: In the Matter of:

SEABULK OFFSHORE, LIMITED,
as Owner and/or Operator of the M/V Seabulk Beauregard,
for Exoneration from or Limitation of Liability,

SEABULK OFFSHORE, LIMITED,
as Owner and/or Operator of the M/V Seabulk Beauregard,
for Exoneration from or Limitation of Liability,

Petitioner-Appellant,

VERSUS

CHARLES HONORA
and
APACHE CORPORATION,

Claimants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

October 26, 1998

Before SMITH, DUHÉ and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Seabulk Offshore, Limited ("Seabulk"), appeals the denial of

its motion to stay proceedings against its insurers in a limitation of liability action. Finding no abuse of discretion, we affirm.

## I.

On July 3, 1997, there was an allision between the M/V SEABULK BEAUREGARD and a gas wellhead. Later that day, Seabulk, the owner of the BEAUREGARD, filed a complaint in the United States District Court for the Eastern District of Louisiana seeking exoneration from or limitation of liability pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Federal Rules of Civil Procedure, and 46 U.S.C. §§ 181-189. That same day, the district court entered an order (the "July 1997 order") staying and restraining all litigation of claims arising from the accident against Seabulk or "any of its property with respect to any claims for which complainant seeks exoneration from or limitation of liability . . . until the hearing and determination of this proceeding." The court refused Seabulk's request to include its insurers in its stay order.

On July 8, several passengers filed suit in the United States District Court for the Southern District of Texas against Seabulk, several of its associated entities ("Seabulk entities"), Ocean Energy Inc., Rucks Inc., Carmel Petroleum Company, and Apache Corporation, the owner of the gas wellhead. Apache subsequently filed suit in the Southern District of Texas against Seabulk, the Seabulk entities, Ocean Energy Inc., Rucks Inc., and Carmel

2

Petroleum Company.

Seabulk moved to amend the stay order to include the Seabulk entities and its insurers. On October 9, the court entered an order (the "October 1997 order") modifying the July 1997 order to include the Seabulk entities, but declined to modify the order to include Seabulk's insurers. Seabulk appeals the October 1997 order, and Apache Corporation has intervened in the appeal.

## II.

We have been willing to review appeals of interlocutory injunctions entered in the course of limitation proceedings, pursuant to 28 U.S.C. § 1292(a)(1).[1] We first announced this willingness in *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 548 (5th Cir. 1960), holding that the "action of the Supreme Court . . . argues convincingly that the Court regards orders [modifying a limitation injunction] as appealable." Following *Pershing*, we have continued to assert jurisdiction under § 1292(a)(1) in appeals of limitation stay orders. *See Magnolia Marine Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1580 (5th Cir. 1992); *Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel*, 640 F.2d 560, 565 (5th Cir. Mar. 1981).

We have refused, however, to assert jurisdiction under

---

[1] "[T]he courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

§ 1292(a)(1) if the district court's order "merely enforces or interprets a previous injunction." *In re Complaint of Ingram Towing Co.*, 59 F.3d 513, 516 (5th Cir. 1995). We look beyond the terms used by the parties and the district court to the substance of the action. "A mere allegation that the order has modified rather than interpreted an injunction will not suffice to vest the court with appellate jurisdiction." *Id.* (*citing Motorola, Inc. v. Computer Displays Int'l, Inc.*, 739 F.2d 1149, 1155 (7th Cir. 1984)).

To distinguish between a modification and an interpretation, we focus on whether provisions of the district court's subsequent order are implicit in the terms of the original injunction. "An interlocutory appeal may be taken only if the order modifies the terms of the injunction; a modification of the legal basis for the injunction is not appealable." 19 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 203.10[4][a], at 203-25 (3d ed. 1998).

In *Ingram*, the district court issued three orders relating to the shipowner Ingram's action seeking limitation of liability. The first order granted a stay to Ingram and its insurer pending limitation proceedings; the second modified that stay by remanding to state court claims against defendants other than Ingram; the third was issued after a state court suit was brought against Ingram's insurer. In this last order, the district court found that its first order had prohibited suits against Ingram's insurer.

4

The claimants appealed the third order, but we dismissed the appeal for want of jurisdiction, saying that the third order "merely explained that the [claimants] had misinterpreted the January 1994 order." *Ingram*, 59 F.3d at 516.

The denial of Seabulk's request to include its insurers constitutes a "refusal to modify" under § 1292(a)(1). The order reads, "[T]he petitioner's motion will be denied as to the proposed modification to include the mover's insurer." Unlike the third order in *Ingram*, the October 1997 order did not simply explain the meaning of the July 1997 order. Rather, it addressed the issue whether the underwriters should be included and refused to modify the July 1997 order.[2]

### III.

The Limitation Act, 46 U.S.C. §§ 181-189, permits a shipowner to limit liability to the value of the vessel and its freight. This protection is narrowed, however, by "saving to suitors in all

---

[2] Once an order under § 1292(a)(1) has been deemed appealable, the "entire order, not merely the propriety of injunctive relief," comes within our scope of review. *Magnolia*, 964 F.2d at 1580 (quoting *Marathon Oil Co. v. United States*, 807 F.2d 759, 764 (9th Cir. 1986)). *See also Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086 (5th Cir. 1973) (explaining that once case is properly before appellate court, the permissible scope of review extends to related orders not specifically appealed).

We asked Seabulk to brief a second possible ground of jurisdiction under 28 U.S.C. § 1292(a)(3), which provides for review of interlocutory orders in admiralty cases. Seabulk conceded in its brief that *Ingram* settles this question by refusing to assert jurisdiction over a similar stay order. *See Ingram,* 59 F.3d. at 517 (5th Cir. 1995) ("Because the [stay order] did not determine the rights and liabilities of the parties, it is not appealable under the admiralty interlocutory appeal exception. 28 U.S.C. 1292(a)(3).").

5

cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The "saving to suitors" clause seeks to protect a claimant's right to "jury trials and common law remedies in the forum of the claimant's choice." *Odeco Oil & Gas Co. v. Bonnette,* 74 F.3d 671, 674 (5th Cir. 1996); *see also Magnolia*, 964 F.2d at 1575. Thus, federal courts have had to balance the rights of the claimant to pursue its state lawsuits against the shipowner's right to limited liability.

In this circuit, this conflict between federal and state law has often arisen when state direct action suits are brought against a shipowner's insurers under Louisiana's direct action statute, L.R.S. 22:655. In this situation, the direct action suits threaten to deplete the shipowner's insurance coverage and frustrate its right to limit liability. *See Magnolia*, 964 F.2d at 1579 n.6.

The Supreme Court addressed this potential conflict between Louisiana and federal law in *Maryland Cas. Co. v. Cushing*, 347 U.S. 409 (1954). Unfortunately, a deeply split Court failed to reach any conclusive holding. Four Justices who felt that the Louisiana law should be struck down were nevertheless forced to vote with Justice Clark to uphold the Louisiana statute but remand the action against the insurers to be delayed until after the limitation proceeding. *See id*. at 423 (Frankfurter, J. concurring).

Because it has been difficult to determine what the "4-1-4 riddle of [Cushing]" stands for, this circuit has traditionally

6

given itself latitude to develop practical solutions. *See Guillot v. Cenac Towing Co.*, 366 F.2d 898, 900 (5th Cir. 1966). In some cases, this has meant requiring the stay of actions against insurers pending the outcome of limitation proceedings. *See, e.g., Magnolia*, 964 F.2d at 1579; *Guillot*, 366 F.2d at 905; *Tokio Marine & Fire Ins. Co. v. Aetna Cas. & Sur. Co.*, 322 F.2d 113, 116 (5th Cir. 1963).

We have declined, however, to establish an ironclad rule requiring a stay of a direct action lawsuit against a shipowner's insurers. Most recently, we held that while underwriters may be included in such a stay order, this action "is not the only possible strategy and that other methods may achieve an equivalent result." *Magnolia*, 964 F.2d at 1579-80.

The question, then, is whether the "strategy" thus far followed by the district court may achieve the "equivalent result" of including the insurers in the limitation stay order. We review the decision to refuse to modify a stay order for abuse of discretion. *Odeco*, 74 F.3d at 674.

We have held that allowing a state court action to proceed is "contingent on protecting the absolute right of the shipowner to limit his or her liability," *Magnolia*, 964 F.2d at 1581 (internal citations omitted), but a district court should be given "considerable latitude in devising practical solutions to avoid or lessen judicial administrative conflicts . . .," *Guillot*, 366 F.2d

7

at 905.  As intervenor Apache has suggested, the district court could choose to stay execution of the judgment against Seabulk's insurers on the first $727,000 of Seabulk's insurance policy (the stipulated value of the vessel and freight).  Alternatively, following the suggestion of this court in *Magnolia*, 964 F.2d at 1580, the court could choose to require the claimants to stipulate that Seabulk has a priority claim on the insurance proceeds.  Under either alternative, the claimants could preserve their choice of forum rights, as envisioned by the saving to suitors clause, without depleting Seabulk's liability protections.  There may be other courses of action that we have not mentioned that also may achieve the appropriate result.

The larger point is that the district court is in the best position to decide how to balance the complicated competing interests.  The court must follow *Magnolia* to the extent that it requires the protection of Seabulk's insurance coverage, but it is not required, as a matter of law, to select the path of immediately staying all proceedings against insurers.  *See Magnolia*, 964 F.2d at 1579-80.  While the court may later issue a stay protecting Seabulk's insurers, it is within the court's discretion to refuse to issue such a stay until it can determine what is the best strategy to pursue.

AFFIRMED.