

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2004

# Marwood v. Elizabeth Forward

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3273

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Marwood v. Elizabeth Forward" (2004). *2004 Decisions.* Paper 999.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/999

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-3273/4599

LINDY MARWOOD
v.
ELIZABETH FORWARD SCHOOL DISTRICT;
DONNA SHULTZ, DIRECTOR OF THE
ELEMENTARY EDUCATION OF THE ELIZABETH
FORWARD SCHOOL DISTRICT; HERBERT MORGAN,
SUPERINTENDENT OF THE ELIZABETH FORWARD
SCHOOL DISTRICT

(Western District of PA, D.C. 92-cv-01089)

LINDY MARWOOD
v.
HERBERT MORGAN, individually and in his
capacity as Superintendent of Elizabeth
Forward School District; ELIZABETH FORWARD
SCHOOL DISTRICT

(Western District of PA, D.C. 93-cv-02041)

Lindy Marwood,
Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No.  92-cv-01089)
District Court Judge: Honorable Donald E. Ziegler

Argued: October 24, 2003

Before: ALITO, FUENTES, and BECKER, Circuit Judges.

(Opinion Filed: February 19, 2004)

———————

Edward A. Olds (argued)
1007 Mount Royal Boulevard
Pittsburgh, PA 15223

*Attorney for Appellant*

Suzanne B. Merrick (argued)
Gaitens, Tucceri & Nicholas, P.C.
519 Court Place
Pittsburgh, PA 15219

John F. Cambest
Dodaro, Kennedy & Cambest
1001 Ardmore Boulevard
Suite 100
Pittsburgh, PA 15221

*Attorney for Appellees*

———————

OPINION OF THE COURT

———————

PER CURIAM:

I.

As we write for the parties only, we do not extensively set out the background of this case. Lindy Marwood is a teacher in the Elizabeth Forward School District (hereinafter "EFSD"). Marwood is a proponent of "Learnball," a classroom motivational system. As described by Marwood, Learnball consists of a package of

2

techniques, some of which, such as dividing students into teams, are not uncommon even in classrooms where Learnball is not used. In April 1992, EFSD banned the use of Learnball in the classroom, and Marwood brought suit in the United States District Court for the Western District of Pennsylvania. After the inception of the lawsuit, EFSD promulgated a new set of rules entitled, "Classroom Management Techniques," which more specifically codified EFSD's prohibitions on Learnball. The first Marwood case was terminated when Marwood and EFSD entered into a settlement agreement (hereinafter "the Settlement Agreement") in 1996. The Settlement Agreement, which was set out in the District Court's Settlement Order, among other things, eliminated all mention of Learnball in the Classroom Management Techniques,[1] allowed Marwood to use in her classroom a hoop and ball, items that are employed in the Learnball program, and permitted Marwood to lead a nonschool sponsored Learnball League Club. See App. 29a-30a. In 1997, Marwood began to insist that the Settlement Order allowed her to use Learnball in the classroom and admitted to using Learnball in the classroom. Subsequently, EFSD disciplined Marwood for her use of Learnball in the classroom. This discipline was brought to arbitration, and ESFD sought clarification of the Settlement Order. The arbitrator refused to consider whether the Settlement Order prohibited Marwood from using Learnball, stating that any such clarification would need

---

[1] The original Classroom Management Techniques made only one mention of Learnball in a provision prohibiting advertisement for "Learnball Superbowl Activities." App. at 40a.

to be provided by the District Court. EFSD subsequently filed with the District Court a "Petition for Clarification of the Settlement Order of June 19, 1996." EFSD asked the District Court to make it clear that the Settlement Order did not permit the use of Learnball in the classroom. The District Court in an order dated July 17, 2002, clarified the Settlement Order, stating that EFSD had not agreed to permit the use of Learnball in the classroom and had not otherwise waived its right to ban Learnball, that a constitutionally permitted ban of Learnball was implemented through the Classroom Management Techniques, and that Marwood was limited in her use of the Learnball program to the extracurricular activity set out in the Settlement Order. See App. at 14a-15a. Marwood now appeals this order, arguing that the District Court lacked jurisdiction to interpret the Settlement Order, that there was no ripe case or controversy before the District Court, that the District Court's interpretation of the Settlement Order was clearly erroneous, and that the Court erred in disposing of the matter without an evidentiary hearing. Because the Supreme Court has held that consent decrees are to be treated as injunctions for the purposes of interlocutory appeal under 28 U.S.C. § 1292(a)(1), see Carson v. American Brands, Inc., 450 U.S. 79 (1981), we have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the order of the District Court if the Court modified the Settlement Order, but not if the Court merely interpreted the Order. United States Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 207-08 (3d Cir. 1999); see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co., 195 F.3d

4

765, 769 (5th Cir. 1999); In re Seabulk Offshore, Ltd., 158 F.3d 897, 899 (5th Cir. 1998);

Mikel v. Gourley, 951 F.2d 166, 168-69 (8th Cir. 1991); Motorola, Inc. v. Computer

Displays Int'l, Inc., 739 F.2d 1149, 1155 (7th Cir. 1984). Moreover, in the latter event,

we perceive no other basis for appellate jurisdiction. We must determine whether, as

Marwood argues, the District Court substantively modified the Settlement Order order or

whether it merely interpreted that Order .

## II.

## A.

Before reaching the question of appellate jurisdiction, however, we first consider

another jurisdictional question. Marwood argues that the District Court did not retain

jurisdiction over the enforcement of the Settlement Order. This argument fails. Though

we have stated that the "phrase 'pursuant to the terms of the Settlement' in the dismissal

order [is] insufficient to incorporate the terms of the settlement agreement and therefore

[does] not confer subject matter jurisdiction over settlement enforcement," Shaffer v.

GTE North, Inc., 284 F.3d 500, 503 (3d Cir. 2002), we have also held that a District

Court retained jurisdiction where the District Court incorporated a settlement agreement

into its final order. See Halderman v. Pennhurst State Sch. & Hosp., 901 F.2d 311, 317

(3d Cir. 1990) (stating that where the District Court not only approved but incorporated

the final settlement agreement into its order that it had "retained jurisdiction over the case

sub judice"). Here, the Settlement Order clearly incorporated the Settlement Agreement

5

by specifically and explicitly setting out the terms of the agreement within the order itself. Therefore, under our case law, the District Court clearly retained jurisdiction over the continued enforcement and interpretation of the Settlement Order. The fact that the District Court retained jurisdiction over the continued enforcement of the Settlement Order also suffices to answer Marwood's claim that there was no ripe case or controversy over which the District Court could exercise jurisdiction. See Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994) (stating that ancillary jurisdiction to enforce an agreement would exist where the parties have an obligation to comply with the settlement order because the "terms of the settlement agreement" were incorporated into the order).

B.

Turning to the issue of appellate jurisdiction, we hold that the District Court merely interpreted the Settlement Order. A settlement order is to be "construed consistently with fundamental precepts of contract construction." Washington Hospital v. White, 889 F.2d 1294, 1300 (3d Cir. 1989). Determining whether a settlement order is ambiguous is a question subject to our plenary review. Thermice Corp. v. Vistron Corp., 832 F.2d 248, 252 (3d Cir. 1987). As we stated in Washington Hospital, the meaning of a settlement agreement should initially be discerned by looking to the four corners of the agreement itself. Washington Hospital, 889 F.2d at 1300. An agreement is unambiguous when it is reasonably capable of only one construction. Id. at 1301. Furthermore, when

6

determining whether an agreement is ambiguous, the Court "does not just ask whether the language is clear; instead it hears the proffer of the parties and determines if there are objective indicia that, from the linguistic reference point of the parties, the terms of the contract are susceptible of different meanings." American Flint Glass Workers Union v. Beaumont Glass Co., 62 F.3d 574, 581 (3d Cir. 1995) (internal quotation marks and citations omitted).  We are also to construe the Settlement Order "so as to give meaning to all of its words and phrases."  Halderman, 901 F.2d at 318 (3d Cir. 1990).

Applying these principles to the Settlement Order, it is clear that the Order is not ambiguous and that Marwood has not provided the Court with a reading that is reasonable.  If the Settlement Order had been intended to rescind the entire Learnball ban and to allow the use of the technique in the classroom, one would think that it would say so, but it clearly does not.  Rather, the Settlement Order merely removes a reference to Learnball in the text,[2] while retaining the prohibitions within the Classroom Management Techniques against specific Learnball techniques.  Learnball consists of a package of techniques all of which are supposed to be used together.  Learnball literature specifically states that it is not proper to use only some of the techniques.  App. at 441a.  Thus, the fact that the Settlement Order indisputably prohibits some Learnball components means that Learnball as such is not allowed.  The mere fact that the Order allows Marwood to use the "hoop and ball" in the classroom plainly does not show that the entire Learnball

---

[2]  It is important to note that this reference was merely to solicitation on behalf of the Learnball tournament.

7

package was allowed. Furthermore, the fact that EFSD permitted Marwood to lead a nonschool-sponsored Learnball League Club also supports the District Court's interpretation. If Learnball were not banned within the classroom, such permission would not need to be stated or given. Given all this, we conclude that the Settlement Order was not ambiguous and that the interpretation given it by the District Court was not in error and did not in any substantive way modify the prior Order. As a result, we lack jurisdiction under 28 U.S.C. § 1292(a)(2). We therefore dismiss the appeal.

## III.

We have reviewed all of Marwood's arguments, but we conclude that the appeal must be dismissed.


BECKER, *Circuit Judge*, dissenting.

I agree with the jurisdictional framework applied by the majority, but I would resolve the question of our appellate jurisdiction differently. Finding jurisdiction, I would reach the merits and vacate the District Court's order. I view the "clarification order" at issue not as mere interpretation but as a substantive modification of the earlier settlement order, and thus locate our appellate jurisdiction in 28 U.S.C. § 1292(a)(1). Because the District Court modified the settlement order without stating reasons of the sort that Fed. R. Civ. P. 65(d) requires in the closely related context of injunction orders, I would vacate the clarification order and remand to the District Court to reconsider the order and enter

8

supporting reasons for its modification.

On the question whether the clarification order was a modification, I agree with the majority's analysis with respect to the scope of the in-classroom Learnball ban. But the clarification order also addresses out-of-classroom activities, and it is here that we part company. The majority fails to reconcile ¶D of the settlement order with ¶3 of the clarification order. Paragraph D reads:

> The Elizabeth Forward School District will permit Marwood to lead a nonschool sponsored Learnball League Club. It will be made clear the Elizabeth Forward School District is not a club sponsor. The Learnball League club will operate pursuant to the same guidelines, as from time to time adopted, as other nonschool sponsored groups that have permission to use school facilities during after-school hours. The Learnball League Club has permission to post informational circulars on school bulletin boards and to distribute such circulars to students and others in the same manner as other nonprofit, nonschool sponsored groups. The parties acknowledge the major purpose of the after-school Learnball Club is to hold a Learnball tournament.

In contrast, ¶3 reads:

> [T]he use of the Learnball program by Plaintiff is limited to the extra-curricular activity described in Paragraph "D" of the Settlement Order.

The modification I see is that ¶D, which in the settlement order set out a nonexclusive description of Marwood's right to engage in Learnball-related extracurricular activity, is transmogrified by ¶3 of the clarification order into an extracurricular right that is *exclusive*. Indeed, the literal terms of ¶3 so constrict Marwood's opportunities to use Learnball outside the classroom that one wonders if it is even consistent with the First Amendment, let alone fairly within the scope of the earlier

9

settlement order. Does ¶3 mean that Marwood may not demonstrate Learnball in a private seminar on the weekends, or that she may not use it when teaching summer school in another school district?

The result is that since the clarification order is actually a modification of the settlement order, and so we have jurisdiction under § 1292(a)(1). Moreover, if the clarification order is a modification under the injunction-related provision of § 1292(a)(1), then it follows that it is also a modification for the purposes of the Federal Rules of Civil Procedure. Accordingly, I would look to Fed. R. Civ. P. 65 to supply the requirements for entering the order. Rule 65(d) provides that "[e]very order granting an injunction . . . shall set forth the reasons for its issuance." This would appear to apply with equal force to orders modifying injunctions and consent decrees. The bare order entered by the District Court does not explain the reasons for the modification worked by ¶3, and hence does not comply with Rule 65. Thus I would vacate the clarification order and remand to the District Court to reconsider the clarification order and explain the reasons behind the modification.