# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20780
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND INSURANCE COMPANIES SUBSCRIBING TO POLICY NO. B0576 / JM 12318,

Plaintiff – Appellant,

v.

VICINAY CADENAS, S.A.,

Defendant – Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-888

Before CLEMENT, OWEN and HIGGINSON, Circuit Judges.

PER CURIAM:*

Certain Underwriters at Lloyd's, London and Insurance Companies Subscribing to Policy No. B0576 / JM 12318 ("Underwriters") appeals the denial of leave to file a third amended complaint. Vicinay Cadenas, S.A., argues that 28 U.S.C. § 1292(a)(3) does not give us jurisdiction to hear this appeal. We agree.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20780

In October 2007, Petrobras America, Inc. contracted with Technip USA, Inc. for the engineering, construction, and installation of a free-standing hybrid riser system ("FSHR System") used in Petrobras's oil and gas operations in the Gulf of Mexico. The FSHR system is comprised, in part, of five separate "risers" that transport petroleum from the seabed to a floating storage vessel. Buoyancy cans hold each riser in place, and tether chains connect the cans to the risers. Technip subcontracted production of the tether chains to Vicinay Cadenas, S.A.

On March 23, 2011, one of the tether chains broke and caused a buoyancy can to separate from a riser, damaging the buoyancy can, riser, and other parts of the FSHR system. In March 2012, Petrobras and their subrogee, Underwriters, filed suit against Vicinay. Plaintiffs filed an amended complaint in February 2013. A year later, in February 2014, Vicinay moved for summary judgment. Underwriters, in response, requested leave to file an amended complaint to assert fraud claims. The district court granted both motions.[1] On December 29, 2014, the lower court denied Underwriters's third motion for leave to file an amended complaint. Underwriters appeals that interlocutory order.

Section 1292(a)(3) allows interlocutory appeals from orders that determine "the rights and liabilities of the parties to admiralty cases." 28 U.S.C. § 1292(a)(3); *see In re Complaint of Ingram Towing Co.*, 59 F.3d 513, 517 (5th Cir. 1995) ("Orders which do not determine parties' substantive rights or liabilities, however, are not appealable under section 1292(a)(3) even if those orders have important procedural consequences." (citation omitted)). Denial of leave to amend a complaint is not an appealable interlocutory order under

---

[1] Underwriters and Petrobras appealed, no. 14-20589, the district court's grant of summary judgment to Vicinay. The court consolidated the two appeals.

2

No. 14-20780

§ 1292(a)(3). *See Solar Turbines Int'l v. Ship-Side Crating Co.*, 96 F.3d 1444 (5th Cir. 1996) (per curiam).

A narrow exception to this rule exists where the denial of leave to amend a complaint effectively terminates the litigation. *See Solar Turbines Int'l*, 96 F.3d at *1; *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.*, 79 F.3d 480, 484 (5th Cir. 1996) (finding an order that "effectively dismisses a party from suit" appealable under § 1292(a)(3)). Here, the denial of leave to amend neither terminated the litigation nor dismissed a party. Underwriters's fraud claim remains pending in the lower court. The appeal is premature.

Accordingly, we DISMISS Underwriter's appeal.