# United States Court of Appeals for the Fifth Circuit

---

No. 22-11226

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2023

Lyle W. Cayce
Clerk

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Timothy Barton,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Timothy Barton appeals the district court's approval of the sale of receivership property (the "Sale Order")—specifically, the sale of his home for the purpose of recouping Barton's unlawful gains from defrauded investors. We dismiss this appeal for lack of jurisdiction. The Sale Order is not a final decision amenable to appellate review, and the collateral order doctrine is not applicable.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11226

We have jurisdiction to review only a limited set of interlocutory appeals. *Complaint of Ingram Towing Co.*, 59 F.3d 513, 515 (5th Cir. 1995) ("Interlocutory appellate jurisdiction is the exception rather than the rule."). Congress has expressly set forth categories of receivership-related orders that may be appealed immediately. 28 U.S.C. § 1292(a)(2) (granting jurisdiction over appeals from "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property"). The Sale Order is not for purposes of "winding up" the instant receivership; it was instead "entered in the normal course of a receivership." *Netsphere, Inc. v. Baron*, 799 F.3d 327, 331-32 (5th Cir. 2015). Neither was the Sale Order issued in the context of a foreclosure, which is a final order amenable to appeal. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337 (5th Cir. 1981).

Barton contends that the collateral order doctrine applies here. We disagree. As the collateral order inquiry is premised on entire categories of orders, we consider generally the sale of real property in the ordinary course of a receivership. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009). Having weighed the relevant factors, we decline to permit appeals for such orders. *Id.* Indeed, Congress went out of its way to permit immediate appeals from a limited set of orders related to receiverships, including the appointment of a receiver in the first place. 28 U.S.C. § 1292(a)(2). As was the case here, the initial decision to place property under receivership was reviewed by the district court and reviewed again on appeal. The parties have engaged in vigorous motions practice below over what assets should be subject to the receivership in an effort to claw back illicit gains. The Sale Order came after all this review. It simply serves to ensure that the details of the sale are in the receivership's best interest. Such administrative matters need not and should not be immediately appealable.

No. 22-11226

This appeal is DISMISSED for lack of jurisdiction.