**SEAHORSE BOAT & BARGE CORPORATION, Plaintiff-Appellant,**

v.

**JACKSONVILLE SHIPYARDS, INC., Defendant-Appellee,**

**Armco Steel Corporation et al., Defendants.**

**No. 77-3501.**

United States Court of Appeals, Fifth Circuit.

May 19, 1980.

---

97

J. Walter Ward Jr., New Orleans, La., for plaintiff-appellant.

Terriberry, Carroll, Yancey & Farrell, William E. Wright, Dean A. Sutherland, New Orleans, La., Ulmer, Murchison, Ashby & Ball, Courtney W. Stanton, Jacksonville, Fla., for defendant-appellee.

Before GOLDBERG, FRANK M. JOHNSON, Jr., and HATCHETT, Circuit Judges.

PER CURIAM:

In this suit involving the purchase of a boat by a Louisiana resident from a Florida boatbuilder, plaintiffs claimed subject matter jurisdiction under diversity and admiralty jurisdiction. Jacksonville Shipyards was one of four parties named as defendants to the action. The district court granted Jacksonville Shipyards' motion to dismiss the suit as to itself due to lack of personal jurisdiction, but did not certify the question to this Court. *See* Fed.R.Civ.P. 54(b).

In a case involving multiple parties, dismissal of one party is not appealable absent a certification by the district court that complies with Federal Rule of Civil Procedure 54(b). *See Cason v. Owen*, 578 F.2d 572, 574 (5th Cir. 1978). Nor does the dismissal fall within the limited class of interlocutory appeals authorized by 28 U.S.C. § 1292(a)(3) relating to the rights and liabilities of parties in admiralty. *See Austracan*

*(U.S.A.), Inc. v. M/V LEMONCORE*, 500 F.2d 237, 240–41 (5th Cir. 1974).

Therefore, we dismiss Seahorse Boat & Barge Corporation's appeal for lack of jurisdiction.

Appeal DISMISSED.