Julius John **BOUDELOCHE,**
Plaintiff-Appellant,

**Highlands Insurance Company,**
Intervenor,

v.

**TNEMEC COMPANY, INC.,** et al., **Defendants,**

**Brown & Root, Inc., Defendant-Appellee.**

No. 81–3563.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1982.

Cave & McKay, John F. McKay, Baton Rouge, La., for plaintiff-appellant.

Camp, Carmouche, Palmer, Barsh & Hunter, Brian G. Meissner, New Orleans, La., for defendant-appellee.

Before GOLDBERG, GEE and HIGGIN-BOTHAM, Circuit Judges.

PER CURIAM:

Appellant Julius John Boudeloche was injured on March 3, 1978, when he inhaled the fumes released by a mixture of paint primer and thinner being used at a Brown & Root, Inc. ("Brown & Root") construction site. On February 23, 1979, Boudeloche initiated a products liability action against the manufacturer of the primer, the manufacturer's representative, and the local distributor and supplier of the paint thinner. Boudeloche amended his complaint on February 2, 1980, to add his employer, Brown & Root, as a defendant. Brown & Root then moved to dismiss Boudeloche's claim against it under Fed.R.Civ.P. 12(b)(6); the motion was heard in the United States District Court for the Eastern District of Louisiana on September 16, 1981. The district court granted the motion and dismissed the cause of action as to Brown & Root. Boudeloche now seeks to appeal.

This court has authority to entertain "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Fed.R.Civ.P. 54(b) provides that, in cases involving multiple claims or multiple parties, an order disposing of one or more, but fewer all, the claims or parties terminates the action in the district court only if the court (1) expressly determines that there is no just reason for delay, and (2) expressly directs an entry of judgment. A certification by the district court that meets these two requirements is "an essential prerequisite to an appeal." 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2660, at 82 (1973). Any appeal from a decision adjudicating a portion of a case that is not accompanied by a Rule 54(b) certificate must be dismissed for want of jurisdiction. *See, e.g., United States v. Taylor,* 632 F.2d 530 (5th Cir. 1980); *Seahorse Boat & Barge Corp. v. Jacksonville Shipyards, Inc.,* 617 F.2d 396 (5th Cir. 1980); *Morrison v. City of Baton Rouge,* 614 F.2d 77 (5th Cir. 1980).

Although the district court in this case granted Brown & Root's motion to dismiss for failure to state a claim, the court did not accompany that dismissal with a Rule 54(b) certificate. Thus this court lacks jurisdiction to hear this appeal, and it is hereby

DISMISSED.