United States Court of Appeals,

Fifth Circuit.

No. 96-30972.

Ruth ALLEN, wife of/and, H.T. Allen, Plaintiffs-Appellants,

v.

OKAM HOLDINGS, INC., et al., Defendants,

Gulfside Marine, Inc., Defendant-Appellee.

June 27, 1997.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before DAVIS, STEWART and PARKER, Circuit Judges.

PER CURIAM:

This is an interlocutory appeal from the district court's order dismissing a defendant in a personal injury action for lack of personal jurisdiction. Because we conclude that we do not have appellate jurisdiction over this matter, we dismiss the appeal.

I.

Appellants Ruth and H.T. Allen were involved in a recreational boating accident while operating their vessel in Louisiana navigable waters. The Allens, who are residents of Mississippi, filed suit in Louisiana state court against the Alabama vendor of the vessel, Gulfside Marine, Inc. (Gulfside), the vessel manufacturer, and a component manufacturer. Gulfside removed the case to federal district court and filed a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). The

district court granted the motion.

## II.

The Allens seek to appeal the district court's interlocutory order dismissing Gulfside under 28 U.S.C. § 1292(a)(3). Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed. *In re Complaint of Ingram Towing Co.,* 59 F.3d 513, 515 (5th Cir.1995). Section 1292(a)(3) provides:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
>
> ....
>
> (3) Interlocutory decrees of such district courts or the judges thereof determining the *rights and liabilities* of the parties to admiralty cases in which appeals from final decrees are allowed.

28 U.S.C. § 1292(a)(3) (emphasis added). This court has read § 1292(a)(3) as providing for appellate jurisdiction only where the order at issue determines the parties' substantive rights and obligations. *Ingram,* 59 F.3d at 517. "Orders which do not determine parties' substantive rights or liabilities, however, are not appealable under section 1292(a)(3) *even if those orders have important procedural consequences.*" *Id.* (emphasis added) (citation omitted). Consequently, we have refused to hear appeals from orders granting a preliminary injunction, *Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel,* 640 F.2d 560, 564 (5th Cir.1981), dismissing some, but not all, of the defendants for

2

lack of admiralty jurisdiction, *Austracan (U.S.A.), Inc. v. M/V Lemoncore,* 500 F.2d 237, 240 (5th Cir.1974), and dismissing a counterclaim, *Wallin v. Keegan,* 426 F.2d 1313, 1314 (5th Cir.1970).

Most notably, in a case factually similar to the one at hand, this court held that it lacked jurisdiction to hear an appeal from an order dismissing one of four defendants for lack of personal jurisdiction because the dismissal did not "fall within the limited class of interlocutory appeals authorized by 28 U.S.C. § 1292(a)(3) relating to the rights and liabilities of parties in admiralty." *Seahorse Boat & Barge Corp. v. Jacksonville Shipyards, Inc.,* 617 F.2d 396, 397 (5th Cir.1980). We see no reason to reach a different result here. The district court's dismissal does not affect the merits of appellants' claim. Nor does it preclude appellants from commencing and maintaining an independent action against Gulfside in another forum. Rather, it only affects "how and where the rights and liabilities would be determined." *Ingram,* 59 F.3d at 517 (citation omitted). Therefore, the order dismissing Gulfside for lack of personal jurisdiction did not determine the parties' substantive rights or liabilities.[1]

---

[1]We do not read our decision in *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.,* 79 F.3d 480 (5th Cir.1996), to require a different result. There, this court allowed an interlocutory appeal from an order denying a motion to file a third-party complaint. Despite the procedural nature of the order, it resolved substantive rights and liabilities because it "effectively dismisse[d] a party from suit, without making provision for pending compulsory counterclaims." *Id.* at 484.

III.

Because the district court's order is not appealable under 28 U.S.C. § 1292(a)(3), this appeal is dismissed for lack of jurisdiction.

Appeal DISMISSED.