IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21169
Summary Calendar

_____

UHP PRODUCTS, INC.,

Plaintiff-Appellant,

versus

WILCO SUPPLY, INC.; ET AL.,

Defendants,

SPIR STAR DRUCKSCHLÄUCHE GMBH,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3166
--------------------
August 10, 2000

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

This court must determine whether it has appellate jurisdiction, and the appellants bear the burden of establishing jurisdiction. Acoustic Sys., Inc. v. Wenger Corp., 207 F.3d 287, 289 (5th Cir. 2000). Federal appellate courts have jurisdiction over appeals only from (1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or which have been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or which have been

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

properly certified for appeal by the district court, 28 U.S.C.

§ 1292(b).  Askenase v. LivingWell, Inc., 981 F.2d 807, 809-10

(5th Cir. 1993).  When an action involves multiple parties, any

decision that adjudicates the liability of fewer than all of the

parties does not terminate the action and is therefore not

appealable unless certified by the district court under Rule

54(b).  Borne v. A & P Boat Rentals No. 4, Inc., 755 F.2d 1131,

1133 (5th Cir. 1985); Thompson v. Betts, 754 F.2d 1243, 1245 (5th

Cir. 1985).

The dismissal of Spir Star Druckschläuche GmbH for lack of

personal jurisdiction did not dispose of all the parties, and the

district court did not certify that the order was a final

judgment pursuant to Rule 54(b).  Further, an interlocutory

decree dismissing a party for lack of personal jurisdiction in an

admiralty case is not appealable under 28 U.S.C. § 1292(a)(3).

Allen v. Okam Holdings, Inc., 116 F.3d 153, 154 (5th Cir. 1997).

The appeal is DISMISSED for this court's lack of

jurisdiction.