**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-50245
Summary Calendar

_____

LOUIS HEIMANN, JR. and LOU HEIMANN

Plaintiffs-Appellants,

VERSUS

INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS
AND KEN BURKETT

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-94-CV-782)

_____

October 4, 1996

Before REYNALDO G. GARZA, DAVIS, and DUHE, Circuit Judges.

PER CURIAM:[*]

The Plaintiffs-Appellants in this action, Louis Heimann Jr. and Lou Heimann, filed a complaint

in Texas state court alleging that the International Union of Elevator Constructors (IUEC) and Ken

Burkett, the Business Representative of Local 133, had tortiously interfered with Louis Heimann's

right to pension and health benefits and intentionally inflicted emotional distress. Prior to filing suit

in state court, Louis Heimann sued the National Elevator Industry Pension Fund and the National

Elevator Industry Health Benefit Plan ("the Funds") in the United States District Court for the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Western District of Texas for wrongful suspension of these pension and health benefits. IUEC and Burkett removed the state claim to federal court on the grounds that Heimann's state law claim was preempted by the Employee Retirement Income Security Act ("ERISA"). A motion to remand the case by the appellants was denied and, at the same time, the two cases were consolidated for "all purposes." IUEC and Burkett moved and the district court granted IUEC and Burkett's motion to dismiss the claims against them on the basis that all claims were preempted by ERISA. Appellants then filed their appeal and appellees filed a motion to dismiss the appeal.

After reviewing both the motion to dismiss and the response, we find that this appeal is not yet ripe. The Heimanns are appealing the dismissal of some claims of a consolidated case which has common issues of fact. The dismissal of claims against some, but not all parties in multiparty action will not constitute a final decision unless the district court makes an "express determination that there is no just reason for delay" and an "express direction for the entry of a judgment."[1] Seeing as there were no rulings of this nature in the lower court, the dismissal of the two state law claims does not constitute a final judgment. The appellants may file their appeal at the appropriate time, i.e. when a final judgment has been entered as to all claims.

Accordingly, we must GRANT the motion to dismiss the appeal for the above stated reasons.

---

1 Fed. R. Civ. P. 54(b); *Boudeloche v. TNEMEC Co.*, 693 F.2d 546, 547 (5th Cir. 1982).