# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 06-31220

In Re: In the Matter of the Complaint of INGRAM BARGE COMPANY, As Owner of the ING 4727, Petitioning for Exoneration from or Limitation of Liability

--------------------------------------------------------------------------------------------------------

PARFAIT FAMILY; TAMMY AMOS; MICHAEL GREEN; PROCULA D. SIMMONS; WILSON M. SIMMONS; ET AL.

Plaintiffs-Appellants

v.

JOSEPH C. DOMINO INC.; UNIQUE TOWING INC.

Defendants-Appellees

--------------------------------------------------------------------------------------------------------

PARFAIT FAMILY; TAMMY AMOS; MICHAEL GREEN; PROCULA D. SIMMONS; WILSON M. SIMMONS; ET AL.

Plaintiffs-Appellants

v.

JOSEPH C. DOMINO INC; UNIQUE TOWING INC.

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants the Parfait Family et al. ("Appellants") appeal from the decision of the District Court granting the motion of Defendants-Appellees Joseph C. Domino, Inc. et al. ("Domino") to strike Plaintiffs' class action allegations and jury demand. Appellants contend that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a)(3). Domino, however, argues that there is no proper jurisdictional basis for this appeal. Domino is correct. Accordingly, we dismiss.

We lack appellate jurisdiction over this case. There is no appealable final decision under 28 U.S.C. § 1291. Moreover, the appellants did not seek, nor did the District Court issue, a Rule 54(b) certification. See Fed. R. Civ. P. 54(b); Huckeby v. Frozen Foods Express, 555 F.2d 542, 544-46, 550 (5th Cir. 1977). Nor does Rule 23(f) confer jurisdiction because the District Court order did not "grant[] or deny[] class-action certification" and because the appellants did not file a "petition for permission to appeal . . . with the circuit clerk within 10 days after the order [was] entered." Fed. R. Civ. P. 23(f). Finally, assuming arguendo that all of the claims that plaintiffs raise herein sound in admiralty, there is no appealable interlocutory decision under 28 U.S.C. § 1292(a)(3) because the District Court "d[id] not determine [the] parties' substantive rights or liabilities" and therefore the orders at issue "are not appealable under section 1292(a)(3), even if those orders have important procedural consequences." Allen v. Okam Holdings, Inc., 116 F.3d 153, 154 (5th Cir. 1997) (quoting In re Complaint of Ingram Towing Co., 59 F.3d 513, 517 (5th Cir. 1995)) (emphasis in original).

Our decision today does not conflict with Lloyds Leasing Ltd. v. Bates, 902 F.2d 368 (5th Cir. 1990). In Bates, a ship ran aground in Louisiana causing an oil spill, which eventually washed ashore in Texas. See id. at 369. The owner of the vessel filed a complaint for limitation of liability, and notification was

given that all claims should be filed by December 1994. See id. A group of shrimpers timely filed claims. See id. The shrimpers then moved for class certification, but the District Court denied certification. See id. In June 1998, well after the December 1994 deadline for filing claims, a group of Vietnamese fisherman sought to either join the Bates class or to late-file their claims. See id. The District Court denied their motion because class certification had been denied and refused to allow the fisherman to late-file their claims. See id. The shrimpers and fishermen appealed. See id.

On appeal, we observed that "28 U.S.C. § 1292(a)(3) permits immediate appeals from interlocutory decrees determining the rights and liabilities of parties to admiralty cases." Id. at 370. Interpreting Section 1292(a)(3), we then held "that in admiralty the liability of only one party need be determined for an interlocutory appeal to lie." Id. at 370 (citing Stoot v. Fluor Drilling Services, Inc., 851 F.2d 1514, 1516 (5th Cir. 1988); Martha's Vineyard Scuba HQ v. Unidentified Vessel, 833 F.2d 1059, 1064 (1st Cir. 1987)). Finally, we upheld our jurisdiction after finding that the rights of the Vietnamese fisherman had been finally determined because the District Court held that they "could neither file late claims nor maintain a class action." Id. Accordingly, those fishermen had no legal recourse for their claims, and appeal was proper. See id. That is not the case here. Although the appellants in this case may not proceed via a class action, they still may pursue their claims individually. Accordingly, their rights were not finally determined as were the rights of the Vietnamese fisherman in Bates, and we therefore lack jurisdiction under Section 1292(a)(3). See id.

The parties have not raised nor do we find any other basis for jurisdiction over this appeal. Accordingly, we lack jurisdiction, and the appeal is DISMISSED.