# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2010

No. 10-30226
Summary Calendar

Lyle W. Cayce
Clerk

SHARLYN BERTRAND

Plaintiff - Appellant

v.

TARGET CORPORATION OF MINNESOTA; GREG FISCHER;
ACE AMERICAN INSURANCE COMPANY

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 09-CV-76

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this personal injury case, Plaintiff Sharlyn Bertrand seeks to recover for injuries she alleges she sustained when she fell in a store owned by Defendant Target Corporation of Minnesota, managed by Defendant Greg Fischer, and insured by Defendant Ace Insurance Company. Bertrand filed this case originally in state court in Louisiana. Defendants removed the case to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court on the basis of diversity of citizenship of the parties. Although Fischer and Bertrand are both residents of Louisiana, which would appear to defeat complete diversity, Defendants defended their removal on the argument that Defendant Fischer was improperly joined because there was no cause of action against him personally under Louisiana law. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (one of two "test[s] for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant"). Bertrand contested removal, arguing that Defendants' Notice of Removal was untimely and that she had stated a claim against the Louisiana defendant. Bertrand also moved to amend her complaint to add two other Louisiana defendants.

In a memorandum order dated December 29, 2009, the magistrate judge denied Bertrand's motion to remand and her motion to amend because Bertrand could not state a claim against Fischer, and therefore, he was improperly joined and it was futile to allow her to amend. In a report and recommendation of the same date, the magistrate judge recommended dismissing the claims against Fischer with prejudice. Subsequently, in a judgment entered February 18, 2010, the district court adopted the report and recommendation of the magistrate judge and dismissed Bertrand's claims against Fischer with prejudice; in the same judgment, the district court affirmed the magistrate judge's memorandum order denying Bertrand's motions for remand and to amend her complaint. On March 10, 2010, Bertrand filed a Notice of Appeal from the district court's February 18, 2010 judgment.

"This Court must consider, *sua sponte* if necessary, whether appellate jurisdiction exists." *Clark v. Johnson*, 278 F.3d 459, 460 (5th Cir. 2002),

No. 10-30226

*abrogation on other grounds recognized by Rosales v. Quarterman*, 565 F.3d 308, 312 (5th Cir. 2009). Bertrand asserts we have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Under § 1291, our jurisdiction extends only to "appeals from . . . *final* decisions of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). "[A]n order denying remand of a case removed to federal court is not a final order within the meaning of 28 U.S.C. § 1291," and therefore "cannot be appealed unless certified by the district court in accordance with 28 U.S.C. § 1292(b)." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 552-53 (5th Cir. 1981). Furthermore, "[d]enial of leave to amend pleadings is ordinarily not final for purposes of appeal." *Wells v. S. Main Bank*, 532 F.2d 1005, 1006 (5th Cir. 1976). Finally, "[w]here, as here, an action involves multiple parties, a disposition of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court under Federal Rule of Civil Procedure 54(b)." *Transit Mgmt. of Se. La., Inc. v. Group Ins. Admin., Inc.*, 226 F.3d 376, 381 (5th Cir. 2000).[1] The district court's February 18, 2010 judgment and the magistrate judge's December 29, 2010 memorandum order did not dispose of Bertrand's claims against Defendants Target Corporation of Minnesota and Ace American Insurance Company, and the district court did not issue a certification under Rule 54(b). Therefore, we lack jurisdiction to consider the instant appeal. *See Thompson v. Betts*, 754 F.2d 1243, 1245-46 (5th Cir.

---

[1] Rule 54(b) of the Federal Rules of Civil Procedure allows a district court to certify for appeal an otherwise non-final judgment:

> [Rule] 54(b) provides that, in cases involving multiple claims or multiple parties, an order disposing of one or more, but fewer [than] all, the claims or parties terminates the action in the district court only if the court (1) expressly determines that there is no just reason for delay, and (2) expressly directs an entry of judgment. A certification by the district court that meets these two requirements is "an essential prerequisite to an appeal." Any appeal from a decision adjudicating a portion of a case that is not accompanied by a Rule 54(b) certificate must be dismissed for want of jurisdiction.

*Boudeloche v. Tnemec Co.*, 693 F.2d 546, 547 (5th Cir. 1982) (quoting 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2660, at 82 (1973)).

No. 10-30226

1985) ("It is well established that, '[i]n the absence of a certification by the district court that meets the[] two requirements [of Rule 54(b)], a partial disposition of a multi-claim or multi-party action does not qualify as a final decision under Section 1291 and is ordinarily an unappealable interlocutory order. . . . There is no hint in the record that the district court certified its order as a final judgment under [R]ule 54(b) or that the parties even sought such a ruling. Thus, because the district court's order has not been certified under [R]ule 54(b), the order does not constitute a final judgment within the meaning of 28 U.S.C. § 1291.'" (quoting *Huckeby v. Frozen Food Express*, 555 F.2d 542, 545-46 (5th Cir. 1977)).

Accordingly, Bertrand's appeal is DISMISSED.