# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

No. 10-60143
Summary Calendar

Lyle W. Cayce
Clerk

DR. MARY HAMEL-SCHWULST

Plaintiff - Appellant

v.

COUNTRY PLACE MORTGAGE LIMITED, doing business as Country Place
Limited Texas Partnership; CASPER KOBLE; JOHN WILLIAMS, JR.; PALM
HARBOR HOMES, INC., U.S. TITLE & REAL ESTATE CLOSING
SERVICES, INC.; JEFFREY NEGROTTO; PEIRSON/PATTERSON, L.L.P.

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-cv-00195-WJG-JMR

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

In 2007, Mary Hamel-Schwulst entered into several agreements with Palm
Harbor Homes, Inc. (Palm Harbor) and CountryPlace Mortgage, LTD
(CountryPlace) for the purchase, construction, and financing of a modular home.
One of the agreements included an arbitration provision. After the modular

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60143

home was completed, CountryPlace sent Hamel-Schwulst a modification agreement. Hamel-Schwulst refused to sign it and refused to make payments pursuant to her financing agreement. She subsequently filed a petition for a declaratory judgment and a complaint seeking relief from multiple parties, including Palm Harbor and CountryPlace (collectively Defendants), as well as Jeffery Negrotto (Negrotto), the person who notarized Hamel-Schwulst's signature on the closing documents. In response, the Defendants filed a motion to compel arbitration pursuant to the arbitration provision, which the district court granted. The arbitrator issued a decision in favor of the Defendants, and they filed a motion to confirm the arbitration award with the district court. The district court granted the motion. Hamel-Schwulst appealed.

On appeal, Hamel-Schwulst challenges the district court's judgment compelling arbitration and the district court's judgment confirming the arbitrator's decision. We AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Hamel-Schwulst entered into an agreement to purchase a modular home (hereinafter the purchase agreement) from Palm Harbor, who was also responsible for manufacturing the home. At the closing, Hamel-Schwulst entered into several financing agreements with CountryPlace, relating to her purchase, and Negrotto, the president of U.S. Title & Real Estate Closing Services, Inc., notarized Hamel-Schwulst's signature on these documents. After Palm Harbor completed construction of the home, CountryPlace sent Hamel-Schwulst a modification agreement to convert her construction loan into a permanent loan, to adjust the first payment due date, to reduce the loan's principal balance, and to reduce the monthly payment. Hamel-Schwulst refused

2

No. 10-60143

to sign the modification agreement until CountryPlace annulled the entire transaction; she also refused to make payment. On April 29, 2008, an agent, acting on Hamel-Schwulst's behalf, delivered a written request for arbitration, pursuant to the arbitration provision in the purchase agreement, to Palm Harbor's office. After Palm Harbor and Hamel-Schwulst exchanged several letters, Hamel-Schwulst filed suit in the United States District Court for the Southern District of Mississippi (hereinafter the Mississippi district court or the district court).

## A.   Original Complaint

On May 14, 2008, Hamel-Schwulst filed a petition for declaratory judgment, seeking clarification of her rights under the arbitration provision, and a complaint, alleging a multitude of claims against several parties, including the Defendants and Negrotto. Specifically, Hamel-Schwulst complaint asserted claims for breach of warranty, fraud, violations of the Real Estate Settlement Procedures Act, as well as violations of various Mississippi statutes and property law. On July 10, 2008, the Defendants filed a motion to stay the case and compel arbitration. The Defendants argued that Hamel-Schwulst's claims were subject to the terms of the arbitration provision, which states that the parties are required to arbitrate "with respect to any and all controversies or claims arising out of or relating to the purchase, installation, manufacture and warranties of the home." The agreement also states that it applies to "all controversies arising out of or in any way relating to financing whether arising from statutory, property, or common law." The Defendants argued that the arbitration provision was framed in the broadest possible terms and applied not only to Palm Harbor, a signatory to the agreement, but also the non-signatory

3

No. 10-60143

parties named in Hamel-Schwulst's complaint.  On September 16, 2008, the district court granted the Defendants' motion and ordered the parties to submit the dispute to arbitration (hereinafter the September 16th judgment or order compelling arbitration).

On November 19, 2008, Hamel-Schwulst filed a notice of appeal with this court, seeking to appeal the district court's September 16th judgment.  This court determined that it did not have jurisdiction to hear the case because "the order compelling arbitration was not a final appealable order" and dismissed the case.  *Hamel-Schwulst v. Country Mortgage Ltd.*, No. 08-61050 (5th Cir. Jan. 8, 2009).

## B.    Florida Suit Against Negrotto and Motion to Stay as to Negrotto.

Shortly after filing her notice of appeal with this court, on November 25, 2008, Hamel-Schwulst filed a separate action against Negrotto and other parties in the United States District Court for the Northern District of Florida (Florida district court).  On April 8, 2009, Negrotto filed a suggestion of bankruptcy with the Florida district court.  On May 27, 2009, in its report and recommendation, a Florida federal magistrate judge (hereinafter the Florida magistrate judge) stayed Hamel-Schwulst's case as it applied to Negrotto, pursuant to 11 U.S.C. § 362, which, among other things, stays all claims against a bankruptcy debtor.

The day before the Florida magistrate judge issued her decision and less than a month before arbitration was set to begin, Hamel-Schwulst simultaneously filed a motion to reopen the Mississippi action and a motion to stay the arbitration as it applied to all defendants based upon Negrotto's pending bankruptcy.  In a June 9, 2009 text order, the district court denied Hamel-Schwulst's motion to reopen the district court case.  The district court

4

No. 10-60143

also granted the motion to stay pursuant to § 362 as it applied to Negrotto, but denied the motion as it applied to all other defendants.  The district court further held that arbitration should proceed between Hamel-Schwulst and the Defendants because there was "insufficient evidence of an identity of interest between Negrotto and the non-debtor defendants to justify extending the stay to those parties."

## C.    Arbitration

The arbitration proceeded between the Defendants and Hamel-Schwulst on June 16, 2009, and the Defendants prevailed. The arbitrator held that, pursuant to the financing agreements, Hamel-Schwulst was indebted to CountryPlace for $86,374.23 in principal and $7,322.54 in interest, with interest in the amount of $16.79 per day accruing after June 30, 2009.  Attorney's fees were also awarded to the Defendants.   And the arbitrator authorized CountryPlace to proceed with foreclosure proceedings on the property so long as Hamel-Schwulst remained delinquent on her loan.

## D.    Post-arbitration Proceedings

At some point before the arbitration proceedings ended, Negrotto was granted a discharge in the Florida bankruptcy case. And, on August 5, 2009 in an amended report and recommendation, the Florida magistrate judge noted that the automatic stay pursuant to § 362 was lifted.  The Florida district court subsequently adopted the report and recommendation and held that the case would not be stayed as to any defendant in that case.  Soon after, Hamel-Schwulst filed another motion to stay the proceedings as to Negrotto in the Florida district court pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501 (hereinafter the Act).  Like a § 362 stay protects debtors who are

No. 10-60143

parties to litigation, a stay pursuant to the Act protects servicemembers who are parties to litigation. The Florida District court did not issue an order on this motion because Hamel-Schwulst's case was transferred to the Mississippi district court, which ended all proceedings in the Florida district court. Hamel-Schwulst raised the motion again in the Mississippi district court, but it denied the motion, explaining that it proceedings against Jeffrey Negrotto were already stayed in its June 9, 2009 text order.

In addition to her repeat motion for a stay, Hamel-Schwulst filed nine other motions with the Mississippi district court following the arbitration proceedings.[1] One of the motions—motion for leave to file a reply—was dismissed in a text order, and the remaining eight motions were addressed with CountryPlace's motion for disbursement of funds and motion to confirm the arbitrator's award. In the district court's February 17, 2010 "Final Judgment" (hereinafter February 17 final judgment or final judgment), it granted Hamel-Schwulst's motion to reinstate the case to its active docket and a portion of another motion in which Hamel-Schwulst requested the same relief, but denied her remaining motions. The district court granted the Defendants' motions to disburse funds and to confirm the arbitrator's award. Hamel-Schwulst subsequently appealed the district court's judgment.

---

[1] During the course of five months, Hamel-Schwulst filed the following, a motion: (1) to reinstate this case to the active docket; (2) to reopen this case to vacate the arbitration award; (3) for clarification of an order entered September 16, 2008; (4) for an extension of time to complete arbitration; (5) to quash or set aside a notice of default; (6) to strike an affidavit; (7) for leave to file a third party complaint; (8) for permission to file the arbitration record; (9) for relief pursuant to Federal Rules of Civil Procedure 60(b); and (10) to vacate the arbitration award on constitutional grounds.

No. 10-60143

On appeal, many of Hamel-Schwulst's arguments are indiscernible and unsupported by case law or specific allegations.  For example, the issues listed in the "Issues Presented" section of Hamel-Schwulst's brief do not align with the issues addressed in the "Analysis" section of her brief.  Many of the problems with Hamel-Schwulst's brief stem from the fact that she is not represented by counsel.  We have explained that we liberally construe a *pro se* litigant's brief and generally apply a less stringent standard to parties' proceeding *pro se* than to parties represented by counsel.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).  However, "*pro se* parties [still must] brief the issues and reasonably comply with the standards of" Federal Rule of Appellate Procedure 28, which requires an appellant's brief to contain, among other things, a statement of the issues and an argument.  *Id.* at 524, 524 n.2.

Thus, we liberally construe Hamel-Schwulst's brief as a challenge to the district court's September 16th judgment compelling arbitration and the district court's February 17th final judgment confirming the arbitrator's decision.  For the following reasons, we AFFIRM the district court's judgments.

## II. DISCUSSION

**A.    The District Court's September 16th Judgment Compelling Arbitration.**

  **1.    Whether the district court's September 16th Judgment violated Negrotto's § 362 stay.**

Hamel-Schwulst argues that the district court did not have the authority to issue an order compelling arbitration because the order was in violation of Negrotto's § 362 automatic stay.  Section 362 provides that, in the event that an individual enters bankruptcy proceedings, any "action or proceeding against the

7

No. 10-60143

debtor that . . . arose before the commencement of the" bankruptcy is stayed. Hamel-Schwulst claims that, because a § 362 automatic stay was issued on behalf of Negrotto, this should not only have stayed the arbitration as it relates to Negrotto, but also the Defendants.  However, it is well-established that the protections of § 362 neither apply to co-defendants nor preclude severance." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983); *see also Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001).  Thus, the district court did not err in compelling arbitration between Hamel-Schwulst and the Defendants.  This analysis also disposes of Hamel-Schwulst's claim that the arbitrator's ruling violated the § 362 stay.[2]

### 2.     Whether the district court erred in compelling the parties to arbitrate.

Hamel-Schwulst arguments effectively attempt to challenge, in the first instance, the validity of the arbitration provision. However, Hamel-Schwulst did not specifically challenge the validity of the arbitration provision in her original complaint, but only asked the court to clarify which of her claims are subject to the arbitration provision.  Moreover, she does not directly challenge the validity

---

[2] As previously noted, after the Florida action was transferred to the Mississippi district court, Hamel-Schwulst renewed her motion to stay the proceedings as to Negrotto pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501. The district court denied the motion, and Hamel-Schwulst does not challenge this decision on appeal.  Thus, we do not address the district court's judgment as to the motion to stay because it is well-established that "[w]e do not examine issues not raised on appeal absent the possibility of injustice so grave as to warrant disregard of usual procedural rules." *Calderon-Ontiveros v. I.N.S.*, 809 F.2d 1050, 1052 (5th Cir.1986) (citation and internal quotation marks omitted). Here, Hamel-Schwulst has had ample opportunity to raise each of her claims and motions not only before the Mississippi district court, but also the Florida district court and the Florida magistrate judge.  As such, this is not a situation that we believe warrants disregarding our procedure.

of the arbitration provision on appeal; she merely argues that the district court erred in compelling arbitration because the contract containing the arbitration provision is void. Thus, she reasons, the arbitration provision is also void.

This court has made clear that "where parties have formed an agreement which contains an arbitration clause, any attempt to dissolve that agreement by having the entire agreement declared voidable or void is for the arbitrator." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003). "Only if the arbitration clause is attacked on an independent basis can the court decide the dispute; otherwise, general attacks on the agreement are for the arbitrator." *Id.* Here, Hamel-Schwulst did not challenge the validity of the arbitration provision on an independent basis. And neither the arguments made in Hamel-Schwulst's original complaint nor her arguments on appeal are sufficient to challenge the validity of the arbitration provision. *See Will-Drill Res.*, 352 F.3d at 218. Thus, Hamel-Schwulst's attempt to invalidate the arbitration provision is without merit.

Even assuming *arguendo* that Hamel-Schwulst properly challenged the validity of the arbitration provision, the district court correctly held that the parties should be compelled to arbitrate. We review *de novo* the grant or denial of a petition to compel arbitration pursuant to § 4 of the Federal Arbitration Act (FAA). This court uses a two-step inquiry to determine whether parties should be compelled to arbitrate, and in diversity cases, like this case, our inquiry is governed by state law. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). "First, the court must determine whether the parties agreed to arbitrate the dispute." *Id.* (citing *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992)) (internal quotation marks omitted). The first step

No. 10-60143

requires the court to determine: (1) "whether there is a valid agreement to arbitrate between the parties" and (2) "whether the dispute in question falls within the scope of that arbitration agreement." *Id.* "Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims non-arbitrable." *Id.*

First, the arbitration provision is valid pursuant to Mississippi law. As the district court correctly noted, it is well-established under Mississippi law that a party's acceptance of the terms of a contract may be shown by the party's actions and a course of conduct, indicating that the party has acquiesced to the agreement. *Dockins v. Allred*, 755 So.2d 389, 394 (Miss. 1999) (quoting *McInnis v. Southeastern Automatic Sprinkler Co.*, 233 So.2d 219 (Miss. 1970). Here, not only did Hamel-Schwulst's sign and initial the relevant documents, including the arbitration provision, she also attempted to enforce the arbitration provision before filing suit. Furthermore, Hamel-Schwulst acknowledged in her original complaint that she entered into a "Mandatory Arbitration Agreement," and the thrust of her original complaint only sought clarification of what claims were arbitrable. Therefore, we conclude that the parties entered into a valid arbitration provision.

Next, the court must determine "whether the dispute in question falls within the scope of that arbitration agreement." *Banc One Acceptance Corp.*, 367 F.3d at 429. Again, the district court's analysis is directly on point. The parties' arbitration agreement provides:

> The parties . . .agree that any and all controversies or claims arising out of, or in any way relating to [the installment contract or sales contract] or the negotiation, purchase, financing, installment, ownership, occupancy, habitation, manufacture,

10

No. 10-60143

> warranties (express or implied), repair or
> sale/disposition of the home which is the subject of the
> [the installment contract or sales contract] whether
> those claims arise from or concern contract, warranty,
> statutory, property or common law, will be settled
> solely by means of binding arbitration before the
> American Arbitration Association.

The district court correctly noted that under Mississippi law the terms of the parties' arbitration agreement are broad enough to include all of the claims raised in Hamel-Schwulst's complaint. Specifically, "broad terms defining the scope of an arbitration agreement such as 'any controversy' are 'broad sweeping' and expansive enough to include most claims related to the contract in question." *New S. Fed. Savings Bank v. Anding*, 414 F. Supp.2d 636, 651 (S.D. Miss. 2005) (citing *Smith Barney, Inc. v. Henry*, 775 So.2d 722, 725–26 (Miss. 2001). Furthermore, arbitration provisions containing the language "related to" are broad clauses that are "not limited to claims that literally 'arise under the contract,' but rather embrace all disputes having a significant relationship to the contract regardless of the label attached to the dispute." *Pennzoil Exploration & Prod. Co. v. Ramco Energy*, 139 F.3d 1061, 1067 (5th Cir. 1998); *see also Smith Barney, Inc.,* 775 So.2d at 726 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406 (1967) and noting that "'any controversy or claim arising out of or related to this agreement,'" is a "'broad arbitration clause'"). Accordingly, we agree with the district court that "[t]he arbitration clause at issue can easily be construed to cover the dispute between the parties concerning rescission of the contract and other allegations regarding the sale of the Palm Harbor home." Because we can find no policy reason that would foreclose the enforcement of the parties' arbitration agreement, we conclude that the district

11

No. 10-60143

court's order compelling arbitration was not in error.

**B.      The District Court's February 17 Final Judgment Confirming the Arbitration Award.**

**1.      Whether this court has jurisdiction to review the district court's February 17 final judgment.**

As a threshold matter, we must determine whether we have jurisdiction to review the district court's final judgment confirming the arbitration award. Hamel-Schwulst argues that we do not have jurisdiction because the judgment is unappealable as it does not meet the requirements of Federal Rule of Civil Procedure 54(b). Specifically, Hamel-Schwulst contends that the district court issued a final judgment that did not address "all claims of plaintiff/appellant Hamel-Schwulst against CountryPlace Mortgage Ltd."

We agree with Hamel-Schwulst that where a case involves multiple claims an order disposing of fewer than all the claims must state that the district court (1) "expressly determines that there is no just reason for delay" and (2) "expressly directs an entry of judgment." Fed. R. Civ. App. 54(b)(1). Moreover, "[a] certification by the district court that meets these two requirements is 'an essential prerequisite to an appeal,'" and "[a]ny appeal from a decision adjudicating a portion of a case that is not accompanied by a Rule 54(b) certificate must be dismissed for want of jurisdiction." *Boudeloche v. Tnemec Co.*, 693 F.2d 546, 547 (5th Cir. 1982). Here, however, the district court expressly stated that Hamel-Schwulst's "[c]omplaint and any amendments, counter-claims, and third party claims, if any, be finally dismissed on the docket of this Court." Thus, the district court's order more than adequately addressed Hamel-Schwulst's claims against CountryPlace, and the final judgment was not

12

in violation of Rule 54.

### 2.   Whether the district court erred in confirming the Arbitration Award.

Because Hamel-Schwulst's claims are subject to a valid arbitration provision, judicial review of the arbitration award is significantly limited by the FAA. *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 280 (5th Cir. 2007). Although this court reviews the confirmation of an arbitration award *de novo*, the court reviews the award using the same standard as the district court to determine whether the award should have been confirmed. *See Am. Laser Vision, P.A. v. Laser Vision Inst., L.L.C.*, 487 F.3d 255, 258 (5th Cir. 2007), *overruled on other grounds*, 552 U.S. 576 (2008). Thus, this court's review is "exceedingly deferential," and we will only vacate the award for limited reasons. *See id.*; 9 U.S.C. § 10. Specifically, there are four grounds pursuant to which a court can vacate an arbitration award pursuant to § 10(a): (1) "where the award was procured by corruption, fraud, or undue means;" (2) "where there was evident partiality or corruption in the arbitrators;" (3) "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

It has been the rule for some time that courts do not vacate an arbitration award based on the merits of a party's claim. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38–39 (1987) ("Courts . . . do not sit to hear

claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts."). Accordingly, because several of Hamel-Schwulst's claims discuss the merits of her claims, this court does not have authority to review them. *Id.* To this end, Hamel-Schwulst's arguments concerning the merits are irrelevant to the determination of whether there are statutory grounds within § 10(a) under which the arbitration award should be vacated.

Hamel-Schwulst presents only one argument that could plausibly challenge the arbitrator's decision on § 10 grounds. She claims that the arbitrator exceeded his authority by requiring her to present her case before the Defendants at the arbitration hearing, even though she suffers from "a bipolar mental disability." These actions, she contends, constitute misconduct that warrants vacating the arbitration award because the arbitrator refused "to postpone the hearing, upon sufficient cause shown." 9 U.S.C. § 10(a)(3). When a party requests that an arbitration award be vacated pursuant to § 10(a)(3), the party must establish, at base, the she suffered from serious prejudice as a result of the arbitrator's alleged misconduct. *See Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 400 (5th Cir. 2006). Here, Hamel-Schwulst does not explain *how* she suffered from "serious prejudice" by being required to present her case first at arbitration. She merely concludes that she has. Accordingly, we conclude that Hamel-Schwulst has not established that the arbitration award should be vacated on these grounds, and thus, we affirm the district court's judgment.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgments and DENY Hamel-Schwulst's motion to strike the Defendants' brief and motion to

strike the Defendants' record excerpts.