# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2013

No. 12-30846

Lyle W. Cayce
Clerk

In Re: In the Matter of the Complaint of Manson Construction Company, as Owner and Operator of the Hopper Dredges Glenn Edwards and Bayport, for Exoneration from or Limitation of Liability

Manson Construction Company, as Owner and Operator of the Hopper Dredges Glenn Edwards and Bayport

Petitioner

PELICAN ISLAND OYSTERS, INCORPORATED; MITCHELL B. JURISICH, SR.; MITCHELL B. JURISICH, JR.; FRANK JURISICH; ALTHEA JURISICH; DANNELL JURISICH; GULF WAVE OYSTERS, INCORPORATED; GULF STATE OYSTERS, INCORPORATED; LITTLE MITCH, INCORPORATED; LITTLE FRANK, INCORPORATED; SHELL ISLAND, INCORPORATED; BAYOU CANARD, INCORPORATED; GRASSHOPPER OYSTERS, INCORPORATED; PRINCE CHARMING, INCORPORATED; JURISICH OYSTERS, L.L.C.; G.I. JOE, INCORPORATED,

Claimants - Third Party Plaintiffs - Appellants

v.

OFFICE OF COASTAL PROTECTION AND RESTORATION AUTHORITY STATE OF LOUISIANA,

Third Party Defendant - Appellee

In Re: In the Matter of the Complaint of Great Lakes Dredge & Dock Company, L.L.C., as owner or owner Pro Hac Vice and operator of the Dredges Alaska, California, Texas, Terrapin Island, Liberty Island, and

No. 12-30306

Padre Island, as well as all attendant vessels thereto; CEF 2002, L.L.C., as owner of the Dredge Liberty Island, for Exoneration from or Limitation of Liability

                    Petitioners

PELICAN ISLAND OYSTERS, INCORPORATED; MITCHELL B. JURISICH, SR.; MITCHELL B. JURISICH, JR.; FRANK JURISICH; ALTHEA JURISICH; DANNELL JURISICH; GULF WAVE OYSTERS, INCORPORATED; GULF STATE OYSTERS, INCORPORATED; LITTLE MITCH, INCORPORATED; LITTLE FRANK, INCORPORATED; SHELL ISLANDS, INCORPORATED; BAYOU CANARD, INCORPORATED; GRASSHOPPER OYSTERS, INCORPORATED; PRINCE CHARMING, INCORPORATED; JURISICH OYSTERS, L.L.C.; G.I. JOE, INCORPORATED,

                    Claimants - Third Party Plaintiffs - Appellants

v.

OFFICE OF COASTAL PROTECTION AND RESTORATION AUTHORITY STATE OF LOUISIANA,

                    Third Party Defendant - Appellee

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-cv-03092

_____

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30306

A group of commercial oyster harvesters ("the Oystermen") appeal the district court's dismissal of its claims against the State of Louisiana ("State") on sovereign immunity grounds. Carried with the case is the State's motion to dismiss the appeal for lack of jurisdiction. Concluding that we do not have jurisdiction, we DISMISS the appeal.

## FACTS AND PROCEEDINGS

This case arises from the Barrier Berm Project, which was conducted by the State, along with several contractors, to contain and remove oil associated with the *Deepwater Horizon* oil spill. The Oystermen claim that the State, two contractors, and various subcontractors were grossly negligent in dredging and construction during the project and that their negligent actions damaged the Oystermen's oyster leases. The Oystermen sued to recover their losses in both state court and federal district court. The State filed a motion to dismiss in district court, contending that it had Eleventh Amendment immunity from the suit. Ruling on the motion, the district court concluded that it lacked subject matter jurisdiction over the Oystermen's claims against the State. The district court determined that the Oystermen sought damages that would be paid out of the State's treasury and that the State had not waived its sovereign immunity from suit. Therefore, the district court dismissed these claims as barred by the Eleventh Amendment. The Oystermen's claims against the remaining defendants are pending; however, they seek interlocutory review of the district court's order dismissing their claims against the State.

## STANDARD OF REVIEW

"Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997).

## DISCUSSION

No. 12-30306

This court has jurisdiction over interlocutory appeals under 28 U.S.C. § 1292(a) in certain circumstances.  Here, the Oystermen contend that § 1292(a)(3) provides a basis for the court's jurisdiction.  This provision gives federal courts of appeals jurisdiction over "[i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." § 1292(a)(3).  The State concedes that the underlying cause of action is a case in admiralty.  It nevertheless argues that the court lacks jurisdiction under § 1292(a)(3), because the district court's order did not "determin[e] the rights and liabilities of the parties."

Because interlocutory appeals are disfavored, this court has "tended to construe [the language of § 1292(a)(3)] rather narrowly." *Ingram Towing Co. v. Adnac, Inc. (In re Ingram Towing Co.)*, 59 F.3d 513, 516 (5th Cir. 1995).  "As a general rule, we have permitted appeals under § 1292(a)(3) whenever an order in an admiralty case dismisses a claim for relief on the merits." *MS Tabea Schiffahrtsgesellschaft MBH & Co. KG v. Bd. of Comm'rs*, 636 F.3d 161, 165 (5th Cir. 2011).  But "[o]rders which do not determine parties' substantive rights or liabilities . . . are not appealable under section 1292(a)(3), even if those orders have important procedural consequences." *Francis ex rel. Francis v. Forest Oil Corp.*, 798 F.2d 147, 150 (5th Cir. 1986).  Thus, this court has held that it lacked jurisdiction over appeals from orders granting a preliminary injunction, dismissing some, but not all, defendants for lack of personal jurisdiction or admiralty jurisdiction, and dismissing a counterclaim. *See Allen*, 116 F.3d at 154 (collecting cases).

The district court's jurisdictional rulings can determine the merits of a claim "[i]n the special case where the challenged basis of jurisdiction is also an element of plaintiff's federal cause of action." *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983).  "[I]f the jurisdictional challenge does not implicate the

4

merits of the cause of action," however, it does not determine the parties substantive rights or liabilities and is not appealable under § 1292(a)(3). *Id.*

The district court's determination that the State is immune from suit was purely a jurisdictional ruling. It did not reach the merits of the Oystermen's claim: whether the State owed a duty to the Oystermen, whether it breached that duty, and whether that breach caused the Oystermen to be injured. Rather, it concluded only that the Oystermen sought damages from the state treasury and that the State had not waived its sovereign immunity. Therefore, the district court's order did not determine the parties' substantive rights or liabilities, even though it has important procedural consequences.[1] We do not have jurisdiction over the Oystermen's interlocutory appeal of this order.

## CONCLUSION

Because the district court's order is not appealable under 28 U.S.C. § 1292(a)(3), we DISMISS this appeal for lack of jurisdiction.

---

[1] When a jurisdictional ruling forecloses the only forum in which a claim can be brought against a party, it may be determinative of the parties' substantive rights or liabilities. *See MS Tabea*, 636 F.3d at 165. This is not the case here.