# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60864
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2015

Lyle W. Cayce
Clerk

FANNIE MAE,

  Plaintiff - Appellee

v.

JOHN HURST; SOUTHERN HOLDINGS III, L.L.C.,

  Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CV-399

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

  Plaintiff-Appellee Fannie Mae brought this suit against John Hurst and Southern Holdings III, L.L.C. (collectively, "Appellants"), seeking the unpaid balance on a promissory note. Appellants challenge the district court's denial of their motion to compel certain discovery requests, refusal to certify an

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60864

interlocutory appeal of that denial, and grant of summary judgment for Fannie Mae. We AFFIRM the district court's orders.

**I.**

In January 2008, Southern Holdings III, L.L.C., owner of an apartment complex in Pascagoula, Mississippi, signed a secured promissory note with Principal Life Insurance Company for $4,400,000, and used the apartment complex as collateral. John Hurst guaranteed Southern Holdings's obligations under the promissory note. Principal Life Insurance Company later assigned its interests in the promissory note to Fannie Mae. Appellants subsequently defaulted. In September 2012, Fannie Mae had the property appraised and the property's fair market value was determined to be $1,800,000. In October 2012, Fannie Mae foreclosed on the property. At the foreclosure sale, Fannie Mae was the only bidder and bid the appraisal price. Fannie Mae thereafter assigned its bid to a third party for that same price and credited that amount to Appellants' balance, leaving a deficiency of $2,761,869.25.[1] Fannie Mae then filed the instant suit, seeking that deficiency balance, as well as interest, late charges, attorney's fees, and court costs.

Appellants intended to defend against the suit by arguing that Fannie Mae's foreclosure sale was not commercially reasonable. During discovery, Appellants sent Fannie Mae interrogatories seeking detailed information on all other foreclosures of apartment complexes with which Fannie Mae had been involved from Louisiana to Florida in the previous four years. Fannie Mae objected to each of these interrogatories "on the grounds that the information requested [was] irrelevant, immaterial, and not reasonably calculated to the

---

[1] This sum took into account sums paid toward the promissory note prior to default, as well as interest, late charges, and fees that had accrued.

No. 14-60864

discovery of admissible evidence," as well as being "overly broad, burdensome, and costly."

Appellants filed an Amended Motion to Compel Discovery, seeking full responses to the above interrogatories, but the magistrate judge denied the motions. As to the interrogatories relevant here, the district court affirmed the magistrate judge's order, concluding that the interrogatories were not likely to lead to discoverable information.[2] Specifically, the district court concluded that Fannie Mae's actions in other foreclosures would have no impact on whether a deficiency judgment was appropriate in the present case. Appellants moved for interlocutory review of the district court's decision and the district court denied the motion. Ultimately, the district court granted summary judgment for Fannie Mae. This appeal followed.

## II.

### A.

Appellants first argue that Fannie Mae should have been compelled to provide full answers to their interrogatories. "We review a district court's decision to limit discovery for abuse of discretion." *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014). To succeed on appeal when challenging such a discovery order, "[t]he appellant must prove both abuse of discretion and prejudice." *Id.* As a general rule, "the deposition-discovery rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Parties may generally obtain discovery so long as it is "relevant to any party's claim or defense" and "appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).

---

[2] The magistrate judge did determine that Appellants were entitled to obtain the information sought from several other interrogatories that are not relevant to this appeal.

No. 14-60864

According to Mississippi law,[3] prior to granting a deficiency judgment, a court must ensure "that the debtor is given credit toward his obligations in an amount fairly reflecting the market value of the collateral, all to the end that he may not be saddled with an inequitable deficiency judgment." *Wansley v. First Nat'l Bank of Vicksburg*, 566 So. 2d 1218, 1221 (Miss. 1990). Appellants argue that a credit of $1,800,000—the sale price of the apartment complex—does not fairly reflect the market value of the collateral. They do not, however, contest Fannie Mae's appraisal, which determined that the property's fair market value did not exceed $1,800,000 at the time of the foreclosure sale. Instead, Appellants theorize that Fannie Mae carried out a practice of selling apartment complexes far below their fair market values throughout the Gulf Coast region of Louisiana, Mississippi, Alabama, and Florida, thereby significantly depressing the value of such properties in the entire region. Appellants fault the district court for failing to compel Fannie Mae to produce files that may have substantiated Appellants' theory.

The district court determined that the discovery Appellants sought was not likely to lead to admissible evidence because Fannie Mae's actions throughout the general region were not relevant to Appellants' case. Even if Fannie Mae's other foreclosures did in fact depress the value of Appellants' property, the court noted, the only relevant question was whether the subject property was sold for a price that fairly reflected the value of that property in the real estate market. The various factors influencing the market as whole were simply not at issue. For the following reasons, we conclude that the district court's decision was not an abuse of discretion.

---

[3] This dispute is in federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

No. 14-60864

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "For deficiency judgment purposes[] . . . '[t]he legal determination of the adequacy of the purchase price depends upon establishment of fair market value.'" *Id.* at 1224 (quoting *Haygood v. First Nat'l Bank of New Albany*, 517 So. 2d 553, 556 (Miss. 1987)). "Fair market value is defined as the amount at which property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of the relevant facts." *Hartman v. McInnis*, 996 So. 2d 704, 711 (Miss. 2007) (quotation marks and brackets omitted). Appellants do not contest that Fannie Mae's appraiser accurately calculated the fair market value of the property and that the property was in fact sold for the fair market value. As the district court held, evidence regarding Fannie Mae's other foreclosure practices throughout the Gulf Coast region would not impact whether the subject property was sold for the amount at which it would have changed hands between a willing buyer and seller having knowledge of the relevant facts. At most, such evidence might have suggested that Fannie Mae's conduct throughout the region affected the fair market value of the subject property. So long as the property was sold for fair market value, however, evidence of the various market forces influencing that value is not relevant to this case. *Cf. id.* The district court thus did not abuse its discretion by declining to compel Fannie Mae to produce files on all of its foreclosures of apartment buildings in the Gulf Coast region.

**B.**

Appellants next argue that the district court abused its discretion by refusing to certify its discovery order for interlocutory appeal. "Interlocutory appeals are generally disfavored, and statutes permitting them must be

strictly construed." *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997) (per curiam). Appellants rely on 28 U.S.C. § 1292(b), which authorizes a district judge to certify an interlocutory appeal from an order if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Appellants' argument amounts to a fact-specific dispute over the application of the discovery rules to this case. Appellants have not shown that the district court's order involved a controlling question of law or that immediate appeal would have materially advanced ultimate termination of the case. *See id.* The district court's refusal to certify an interlocutory appeal therefore was not an abuse of discretion.

## C.

Appellants lastly argue that Fannie Mae was not entitled to summary judgment. We review a district court's grant of summary judgment de novo and apply the same standard as the district court. *Dameware Dev., L.L.C. v. Am. Gen. Life Ins. Co.*, 688 F.3d 203, 206 (5th Cir. 2012). Summary judgment is appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Appellants' principal argument against summary judgment is that the district should have compelled answers to Appellants' interrogatories seeking information about Fannie Mae's other foreclosures in the Gulf Coast region, contending that those answers would have created a genuine issue of material fact. Since the district court did not abuse its discretion by refusing to compel Fannie Mae to produce such information, we will not reverse summary judgment on this ground.

Appellants also argue briefly that summary judgment for Fannie Mae would be inequitable, because Fannie Mae must have conspired with a third

party to buy the property "at a bargain-basement price." Appellants arrive at this conclusion because Fannie Mae was the sole bidder at the foreclosure sale and assigned its bid to a third party the same day. Appellants surmise that Fannie Mae and the third party must have entered into an agreement wherein Fannie Mae would be the sole bidder in order to ensure a minimal sale price. This is pure speculation and Appellants offer no evidence to support it. Although we must draw all reasonable inferences in Appellants' favor, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). We will not reverse summary judgment based on Appellants' unsubstantiated claim of a conspiracy to cheat them out of the full value of their property. Accordingly, the district court did not err in granting summary judgment for Fannie Mae. AFFIRMED.